THOMAS W. SUTTON v. JOHN L. McMILLAN.

It is error for a Judge in the Superior Court to set aside a judgment on the motion of the defendant, without giving the plaintiff the legal notice.

Several causes of action may be joined in one complaint, *provided* all of them arise out of any one of the classes specified in the C. C. P.——e. g. "(2.) contracts expressed or implied."

(*Seymour* v. *Cohen*, 67 N. C. Rep. 345, cited and approved.)

This was a MOTION by the defendant, upon affidavit, to set aside a judgment obtained by the plaintiff, heard by *Russell*, *J.*, at Chambers, in BLADEN county, on the 27th day of April, 1874.

The following are substantially the agreed facts, signed by counsel and transmitted to this Court as a "statement of the case."

1. The judgment was rendered at Spring Term, 1874, of Bladen Superior Court, for the sum of $359.11. A part of this judgment was rendered upon a note under seal, given by the defendant to the plaintiff, for the sum of $124.76, with interest from the 8th day of December, 1871, on $113.50; the balance of the judgment was rendered on an open account, due by the defendant to the plaintiff.

2. The plaintiff's complaint filed and sworn to at said Spring Term, 1874, demanded judgment for the sum of $479.11, with interest on $113.50 from the 8th day of December, 1871, and for costs.

3. The defendant failing to file an answer, and no attorney's name being marked, the plaintiff, on the last day of the Court had the defendant called; and thereupon the plaintiff moved for and obtained judgment by default for the sum of $359.11.

4. That Edwin W. Kerr, Esq., an attorney at law and partner of A. A. McKay, Esq., was in attendance upon the Court during the whole term; but was unknown to the defendant as the law-partner of Mr. McKay, or as an attorney or otherwise.

And likewise the defendant was in Court, in person, several times during the term, at which the said judgment was rendered.

5. On the 27th of April, 1874, before the Hon. D. L. RUSSELL, Judge, &c., the defendant moved for and obtained an order to set aside the judgment in said action. No notice of said motion was ever given to the plaintiff; and he did not know that such an order had been made until the 26th day of September thereafter, when the order was shown to him by the Clerk of the Court, at which time he craved an appeal to the Supreme Court.

*Sutton* and *W. McL. McKay*, for appellant.
*E. W. Kerr*, contra.

SETTLE, J. A judgment having been rendered at the regular Spring Term, 1874, of Bladen Superior Court, in favor of the plaintiff, the defendant moved for and obtained an order from his Honor, at chambers, to set aside the judgment.

Whatever merits the defendant's affidavit, upon which he based his motion, may disclose, either as to the absence of his counsel or otherwise, yet no notice of said motion was ever given to the plaintiff, and he did not know that such an order had been made, until some time thereafter, when he craved an appeal to this Court.

We have held in such cases that notice is necessary, and to grant the order without it, is error. *Seymour* v. *Cohen*, 67 N. C. Rep. 345.

This is decisive of the case before us, but as there are three appeals, now pending, involving very much the same questions, and as it may be more satisfactory to the parties, we will notice the objections which are now urged against the plaintiff's judgment.

1. It is contended that as the plaintiff's claim consisted of a note of hand for $124.76, and an open account of $234.35, he could not unite in the same complaint "the two causes of

action, because they are not the same transaction " in contemplation of the C. C. P., sec. 126.

This is a misapprehension of the Code, for it is clear that you may join several causes of action, provided they all arise out of any one of the seven classes specified in the Code, e. g.

2. " Contracts express or implied," which is our case.

II. This being so, there is no force in the other suggestion that the Superior Court had no original jurisdiction over the amount of said note, and could not consolidate the same with an open account, thereby making a sum of which the Court could take jurisdiction.

III. There is objection to the manner in which the amount of the judgment was ascertained.

The defendant having failed to file an answer, and no attorney's name being marked on the docket, the plaintiff on the last day of the term had the defendant called, and took judgment by default, and had the Clerk to ascertain the amount, which he was entitled to recover, by his own examination under oath, in pursuance of the 217th section of the C. C. P.

IV. The defendant contends that the Code, having been suspended by the act of 1870–'71, chap. 42, making summonses returnable to the Court in term, and not before the Clerk, the Court could not, after a judgment by default on the open account, ascertain the amount due thereon, without the intervention of a jury.

While the act cited, does suspend the Code, so far as the return of summonses is concerned, yet it provides that " the defendant shall appear and demur, plead or answer at the same term to which the summons shall be returnable, otherwise the plaintiff may have judgment by default *as is now allowed by law.*" The question is, how are our judgments by default, now allowed by law, and the amounts thereof ascertained ? Is it in the manner prescribed in the said 27th section of the C. C. P., which certainly was the law at the time, or is it by the old mode of a jury and a writ of inquiry ? For money de-

mands at least, we are inclined to think that the C. C. P. may be followed.

But we express no positive opinion on the question at present, as it is not necessary to do so for the decision of this case ; and it is a good rule not to decide questions until they are fairly presented for decision. I have only stated the question to show that we have not overlooked it.

PER CURIAM.                                        Judgment reversed.