[No. 12432.   In Bank.— June 21, 1888.]

## G. N. FURNISH, APPELLANT, *v.* JOHN MULLAN ET AL., RESPONDENTS.

SUMMONS — AFFIDAVIT FOR PUBLICATION. — An affidavit for publication of summons which shows that the person on whom the service is to be made resides out of the state is sufficient under section 412 of the Code of Civil Procedure, and it is not necessary that it should show acts constituting due diligence.   Any statement in regard to diligence in such affidavit is immaterial.

APPEAL from an order of the Superior Court of the county of Tulare refusing to set aside a judgment rendered upon service of summons by publication.

The judgment was rendered April 4, 1885.   The motion to set aside the judgment was made September 30, 1887, upon the ground that the court never acquired jurisdiction of the defendant, for the reasons specified in the opinion of the court.

*Frederick S. Stratton*, for Appellant.

*Charles E. Lamberson*, for Respondents.

PATERSON, J.—The affidavit upon which the order of publication of summons was made states that "said defendant John Mullan is a proper and necessary party to the action; . . . . that the person on whom the service is to be made formerly resided at the city and county of San Francisco, in this state, but has departed from the state, and now resides in the city of Washington, District of Columbia."   The order for publication of summons states: "And it further appearing that the residence of said defendant John Mullan is at the city of Washington, in the District of Columbia, it is ordered and directed that a copy of the summons and complaint in this suit be forthwith deposited in the United States post-office, postpaid, directed to said defendant at his said place of residence."

The motion to set aside the judgment in the court below was based upon the ground: 1. That the affidavit for publication did not disclose the residence of defendant Mullan, or that he was a non-resident; and 2. That the affidavit for publication did not show that due diligence had been used to find defendant Mullan in this state, or that he could not, after due diligence, be found within this state. It was sufficient under section 412, Code of Civil Procedure, to show that the person on whom the service was to be made resided out of the state. This was done. The further statement made in the affidavit, "that affiant has made diligent inquiry to find said defendant, but cannot after due diligence find him within this state, and personal service of summons cannot be made on the defendant in this state," was immaterial, and it was not necessary for the plaintiff to show acts constituting "due diligence."

Order affirmed.

SEARLS, C. J., SHARPSTEIN, J., McFARLAND, J., McKINSTRY, J., and THORNTON, J., concurred.