[No. 13670. Department One. — December 3, 1890.]

B. G. PERKINS, APPELLANT, *v.* H. H. WAKEHAM ET AL., RESPONDENTS.

DISMISSAL OF APPEAL — NEW TRIAL — SERVICE OF NOTICE OF INTENTION — UNAUTHORIZED ACCEPTANCE OF SERVICE OF STATEMENT. — An appeal from a new-trial order will be dismissed, so far as it affects a respondent upon whom the notice of intention to move for a new trial was not served, and who had given no authority to the attorney who accepted service of the statement, which fact was known to the appellant at the time of service.

QUIETING TITLE — SERVICE OF SUMMONS BY PUBLICATION — VALIDITY OF JUDGMENT BY DEFAULT. — A judgment in an action to quiet title to land against a non-resident is not void because of the service of the summons upon him, by publication, while absent from the state, although he does not answer or appear in the action.

ID. — POWER OF STATE — REGULATING TENURE OF REALTY — CONSTRUCTIVE SERVICE OF SUMMONS. — A state has power to regulate the tenure of immovable property within its limits, the conditions of its ownership, and the modes of establishing the same, whether the owner be a citizen or stranger, and may provide for quieting title to land within its limits by constructive service of summons.

ID. — DECREE QUASI IN REM. — Although a decree quieting title is not *in rem*, strictly speaking, it fixes and settles the title to real estate, and to that extent partakes of the nature of a judgment *in rem.*

PUBLICATION OF SUMMONS — VALIDITY OF CODE PROVISION — PROCEEDINGS IN PERSONAM. — Section 412 of the Code of Civil Procedure, providing for the service of summons upon non-residents, by publication, although general, and in terms applicable to all actions, is not invalid because it includes in its provisions proceedings purely *in personam.*

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Wells, Guthrie & Lee,* for Appellant.

*Victor Montgomery,* and *J. W. Towner,* for Respondents.

PATERSON, J. — The appeal from the order denying the motion for a new trial, so far as it affects the respondent town of Santa Ana, must be dismissed.

The notice of intention to move for a new trial was

not served on said respondent. There was an attempt to serve the statement, but the attorney upon whom it was served had no authority to accept service, which fact was known to appellant at the time of service.

The motion of respondent the town of Santa Ana to dismiss the appeal from the order denying a new trial is granted, and said appeal, in so far as it affects said respondent, is dismissed. A motion was made on various grounds, also, to dismiss the appeal from the judgment, but as the findings support the judgment, and no error appears on the face of the roll, we deem it best not to pass on the motion to dismiss, but to affirm the judgment.

The court found that in a former action brought by Wakeham against Perkins and others, to determine all adverse claims to the property described in the complaint herein, judgment was entered in favor of said Wakeham, defendant herein, adjudging him to be the owner of the property.

It is claimed by appellant that the decree in the former action to quiet title is *in personam*, and not *in rem*, and that as the service of summons was by publication, while he was absent from the state, and as he did not answer or appear, the judgment is void.

If it be true that a state has no power by statute to provide for the determination of adverse claims to real estate lying within its limits, as against non-resident claimants, who can be brought into court only by publication,—if the state in her sovereignty is impotent to protect the title of citizens to her soil against the asserted claims of non-residents who will not voluntarily submit their claims to her courts for adjudication,—great evil must result. Certainty and security in the titles of real estate, and convenient and effective procedure for the determination of individual rights in such property, are essential to the prosperity of the community. If those who cannot be reached by the process of the courts may

assert adverse claims to real estate, and hold unlawful clouds over the title of the owner, every homestead and lot in the state may have a cloud cast upon it for all time.

We do not think that a sovereign state is so limited in its power. The state is paramount in power over all things real within its territorial boundaries, except so far as its authority is limited by the constitution and laws of the United States; and the courts of the state, acting within that limitation, have, and may, exercise all the jurisdiction over all persons and things which the constitution and laws of the state confer upon them. The manner of obtaining such jurisdiction, and the procedure for its exercise, are matters of state legislation.

The legislature of this state has provided that "an action may be brought by any person against another who claims an estate or interest in real property adverse to him, for the purpose of determining such adverse claim." (Code Civ. Proc., sec. 738.) It has also provided: "Where the person on whom the service is to be made resides out of the state, or has departed from the state, or cannot, after due diligence, be found within the state, or conceals himself to avoid the service of summons, or is a foreign corporation having no managing or business agent, cashier, or secretary within the state, and the fact appears by affidavit, to the satisfaction of the court, or a judge thereof, and it also appears, by such affidavit, or by the verified complaint on file, that a cause of action exists against the defendant in respect to whom the service is to be made, or that he is a necessary or proper party to the action, such court or judge may make an order that the service be made by the publication of the summons. The order must direct the publication to be made in a newspaper, to be designated, as most likely to give notice to the person to be served, and for such length of time as may be deemed reasonable, at least once a week; but publication against a defendant residing out of the state, or absent therefrom, must not be

less than two months." (Code Civ. Proc., secs. 412, 413.)

Unless the method of giving notice above prescribed is unreasonable, or is in conflict with some provision of the constitution or principle of natural justice, it cannot be held invalid. In determining the question of its validity, the nature of the action and the effect of the judgment must be considered. While it is true, as a general proposition, that an action to quiet title is an action in equity which acts upon the person, it is also true that the state has power to regulate the tenure of immovable property within its limits, the conditions of its ownership, and the modes of establishing the same, whether the owner be citizen or stranger. (*United States v. Fox*, 94 U. S. 315.) While a decree quieting title is not *in rem*, strictly speaking, it fixes and settles the title to real estate, and to that extent certainly partakes of the nature of a judgment *in rem*.

But it is not necessary, in support of a judgment in such an action, where service has been had by publication, to determine the question whether it is a judgment *in personam* or one *in rem*. This precise point has recently been decided by the supreme court of the United States. Mr. Justice Brewer, speaking for the court, said: "The question is, not what a court of equity, by virtue of its general powers, and in the absence of a statute, might do, but it is, What jurisdiction has a state over titles to real estates within its limits? and what jurisdiction may it give, by statute, to its own courts to determine the validity and extent of the claims of non-residents to such real estate?" (*Arndt* v. *Griggs*, 134 U. S. 320.) There the power of the state to quiet title as against non-residents, by constructive service, is upheld, and the cases upon which appellant herein chiefly relies are fully considered and elaborately reviewed.

In that case, it is true, the statute of the state of Nebraska, which was under consideration, expressly provided

for service by publication "in actions which relate to, or the subject of which is, real or personal property in this state, where any defendant has or claims a lien or interest, actual or contingent, therein, or the relief demanded consists wholly or partially in excluding him from any interest therein, and such defendant is a nonresident of the state or foreign corporation"; but the authority conferred by the legislature of this state, in section 412 of the Code of Civil Procedure, is as great as that given by the Nebraska statute. While our statute is general, and in terms applies to all actions, it is not invalid because it includes in its provisions proceedings purely *in personam.*

If the judgment in the action of Wakeham is valid and binding, — and we hold that it is,— other questions raised by appellant need not be noticed.

The judgment and order are affirmed.

Fox, J., and Works, J., concurred.