[No. 13188.   Department Two. — March 30, 1891.]

## MARGARET IRVINE ET AL., RESPONDENTS, v. JOHN DAVY ET AL., APPELLANTS.

QUIETING TITLE — TRUSTEES UNDER WILL — APPOINTMENT OF SUCCESSOR — ORDER OF COURT — DEMURRER. — A complaint in an action to quiet title, brought by trustees holding under a will, is not subject to general demurrer on the ground that the complaint shows that one of the plaintiffs was appointed as a trustee by four of the remaining trustees, without an order of court, after one of six trustees named in the will had died, and another had been removed by the superior court as incompetent, it appearing that the will expressly provided that when the number of trustees was reduced to four, the remaining four should appoint a fifth trustee.

DEFAULT — FILING OF ANSWER AFTER ENTRY — SETTING ASIDE. — The filing of an answer after the entry of default does not affect the default, and it will not be set aside without the showing of some ground therefor.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.

The action was brought by the plaintiffs as trustees under the will of James Irvine, deceased, to quiet the title to certain real property alleged to have been set apart to them as trustees by the order of the superior court sitting as a court of probate. The complaint showed that of six trustees named in the will one had died, and a second had been removed as incompetent, by the supe-

rior court, leaving but four others; that the will provided that when the number of the trustees was reduced to four, the four trustees should appoint another, and that they had appointed a fifth trustee, who was joined as a co-plaintiff. The last demurrer of the defendant alleged that the complaint did not state a cause of action, because it did not show that the fifth trustee had been appointed by the superior court or was qualified to act, or that the real property had been vested in him. A previous general demurrer to the complaint had been overruled, and the time to answer had been repeatedly extended. The last demurrer was filed at the expiration of the time allowed to answer, but was not served, and was stricken from the files, with an order that the defendants answer during the day on which the order was made. Having failed to answer during that day, their default was entered at nine o'clock of the following morning, and an answer was filed thereafter on the same day that the default was entered. Further facts are stated in the opinion of the court.

*Moses G. Cobb,* for Appellants.

The last demurrer should have been ruled upon, and not stricken out. (*Larco* v. *Casaneuava,* 30 Cal. 560.) The demurrer was well taken; powers granted jointly can only be executed jointly. (Civ. Code, sec. 2268; *Sinclair* v. *Jackson,* 8 Cow. 544; *Brennan* v. *Willson,* 71 N. Y. 502.) The superior court should have appointed another trustee on nomination of the remaining trustees. (Civ. Code, sec. 2237; *Brennan* v. *Willson,* 71 N. Y. 502.) The answer filed after entry of default should not have been stricken out. (*Mayor* v. *James,* 17 Hun, 588; *Ghirardelli* v. *McDermott,* 22 Cal. 539; *Greenbaum* v. *Turrill,* 57 Cal. 285; *Lybecker* v. *Murray,* 58 Cal. 186.)

*W. C. Belcher,* and *J. W. Mastick,* for Respondents.

Sharpstein, J.—The demurrers to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action, were properly overruled.

The default of the defendants for failing to answer the complaint within the time allowed by law for answering was properly entered. The filing of an answer after the default had been entered did not affect the default.

The motion to set aside said default was properly denied, no ground appearing for setting said default aside.

Judgment affirmed.

McFarland, J., and De Haven, J., concurred.