[S. F. No. 4755. In Bank.—June 12, 1907.]

## ROBERT O. HOFFMAN, Petitioner, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, and FRANK J. MURASKY, Judge, Respondents.

Establishment of Title to Land when Public Records Are Destroyed—McEnerney Act—Statements in Affidavit—Inquiry as to Adverse Claimants.—In a proceeding under the provisions of the act of June 16, 1906, for the establishment and quieting of titles to real estate in case of a loss or destruction of the public records, commonly known as the "McEnerney Act," it is not necessary to give jurisdiction to the court that a plaintiff, claiming to own the property in fee simple, free of encumbrances, and to be without knowledge or information of adverse claimants or lienors, should state in his affidavit, required by section 5 of the act, what inquiry, if any, was made by him to determine whether or not there was any other person in existence who claimed or who might claim any interest in or lien upon the property adversely to him. In such a case, that section only requires the affidavit to state the plaintiff's own lack of personal knowledge and information that such persons exist. If fraud or bad faith was practiced in making such an affidavit, it would not affect the jurisdiction of the court nor render its decree invalid on its face, although it might have great weight in rendering the decree subject to subsequent attack on the ground of extraneous fraud.

ID.—SUBSTITUTED SERVICE—LEGISLATURE DETERMINES NECESSITY FOR—
DUE PROCESS OF LAW—The legislature is, primarily, the judge of the
necessity which will warrant a substituted instead of a personal
service of process, and of the degree and character of the proof by
which it is to be established. It has determined that such necessity
exists, under the circumstances authorizing the proceeding to estab-
lish and quiet title under the "McEnerney Act," and has accord-
ingly provided for a general notice to all persons interested, to be
given upon the filing of an affidavit by the plaintiff of the facts
specified in section 5 of that act. The fact that the statute does not
require a plaintiff to state in such affidavit the inquiry made by him
to ascertain the existence of unknown owners or lienors, but only
a statement of his ignorance and want of information, does not
operate to deprive the owners of such unknown interests, against
whom judgment is rendered after publication of such notice, of their
property without due process of law.

ID.—VACATING DECREE BY PERSON NOT PERSONALLY SERVED.—In deter-
mining whether or not due process of law is afforded by such statute,
other statutes applicable to the proceeding may be considered. The
provisions of section 473 of the Code of Civil Procedure apply to
such cases, and under it any person interested in the property and
having no actual notice of the decree, may come in at any time with-
in a year after its rendition, and by showing that he has not been
personally served with process, and stating facts constituting a good
defense to the proceeding,—that is, facts sufficient to show that he
has a valid adverse interest in the property,—may have the decree
vacated as to him and be allowed to answer to the merits.

ID.—PROCEEDING IS JUDICIAL AND NOT ADMINISTRATIVE.—*Title etc. Co.*
v. *Kerrigan,* 150 Cal. 289, and *Robinson* v. *Kerrigan, ante,* p. 40,
affirmed to the effect that the proceeding under the McEnerney Act
is judicial and not administrative or ministerial, and that the act
does not delegate administrative power to the judicial department
of the state.

APPLICATION for a Writ of Mandate to the Superior
Court of the City and County of San Francisco. Frank J.
Murasky, Judge.

The facts are stated in the opinion of the court.

Sullivan & Sullivan, and Theo. J. Roche, for Petitioner.

Charles S. Wheeler, and J. F. Bowie, *Amici Curiæ,* for
Petitioner.

Costello & Costello, and Page, McCutchen & Knight, for
Respondents.

SHAW, J.—This is a proceeding in *mandamus* to compel the superior court of the city and county of San Francisco to pronounce a judgment in a case presented to that court for determination.

The petitioner instituted a proceeding under the provisions of the act approved June 16, 1906, for the establishment and quieting of title to real estate in case of a loss or destruction of the public records, commonly known as the "McEnerney Act." (Stats. 1906, p. 78.) The proceeding was numbered 125 in said court and was entitled "Robert O. Hoffman, plaintiff, *v.* All persons claiming any interest in or lien upon the real property herein described, defendants." The matter was duly presented to the superior court and it thereupon found that the petitioner had sufficiently made out his case to entitle him to the relief provided in the statute and prayed for in the petition, and that the proceeding was in all respects regular, with the supposed exception that the affidavit filed with the complaint, as required by the statute in question, was insufficient to give the court jurisdiction to proceed to judgment.

The affidavit was made by the petitioner. So far as material it is as follows:—

"I am the plaintiff in the above-entitled action. I have and claim an estate of inheritance in, and am in the actual and peaceable possession of, that certain real property [describing it].

"The character of my estate, right, title, interest and claim in and possession of said real property is as follows, to wit: I am the owner in severalty and in fee simple of said real property. I am in the actual and peaceable possession thereof, by myself, claiming title thereto adversely to the whole world. My estate, right, title, interest and claim in and possession of said real property have existed during the period of five months. I obtained said estate, and all my right, title, interest and claim in and possession of said real property from Henry A. Arnold. I have never made any conveyance of said real property, or any part thereof, or any interest therein.

"There is no existing mortgage, deed of trust or other lien on said real property.

"I do not know and have never been informed of any other person who claims, or may claim, any interest in or lien upon said real property, or any part thereof, adversely to me."

The supposed defect in the affidavit is that it does not state what inquiry, if any, was made by the plaintiff to determine whether or not there was at that time any other person in existence who claimed, or who might claim, any interest in, or lien upon, the said property, adversely to the plaintiff. It is conceded that the court ought to proceed to give judgment for the petitioner as prayed for, unless this defect deprives it of power to proceed otherwise than to require of the plaintiff another and more perfect affidavit and to proceed anew from the beginning. The court took the latter view and refused to render judgment.

The theory that a showing of diligence in making inquiry to ascertain whether or not there are other persons having or claiming interests in the property, is necessary to give jurisdiction to the court, is based on a misconception of the effect of the statute. The part of the act which is supposed to contain this requirement is section 5, which, so far as material, is as follows:—

"At the time of filing the complaint, the plaintiff shall file with the same his affidavit, fully and explicitly setting forth and showing (1) the character of his estate, right, title, interest or claim in, and possession of the property, during what period the same has existed and from whom obtained; (2) whether or not he has ever made any conveyance of the property, or any part thereof, or any interest therein, and if so when and to whom; also a statement of any and all subsisting mortgages, deeds of trust, and other liens thereon; (3) that he does not know and has never been informed of any other person who claims, or who may claim, any interest in, or lien upon, the property, or any part thereof, adversely to him, or if he does know or has been informed of any such person, then the name and address of such person. If the plaintiff is unable to state any one or more of the matters herein required, he shall set forth and show, fully and explicitly, the reasons for such inability."

The language of the third clause above quoted does not require a statement that there are no persons in existence

who claim, or who may claim, an adverse interest, if, in fact, the plaintiff has no knowledge or information of any. In that case, all that is required is that he shall state his own lack of personal knowledge and information that such persons exist. This is a fact which inheres in his own consciousness and of which he alone can have knowledge. The only inquiry necessary to enable him to make the statement required in the statute on this point, is a scrutiny of his own mind and memory. It is a matter which he could not be "unable to state" and to which the last clause above quoted can have no application. That clause relates exclusively to the other matters required in the affidavit. For instance, if the plaintiff knew, or had been informed, that there were adverse claimants, it would be necessary for him to state that fact in the affidavit. He might, however, be ignorant of the names or addresses of such persons. In that event, it would be his duty to make diligent inquiry to ascertain such names and addresses. If such inquiry proved ineffectual, it would be necessary for him to give the "reasons for such inability," and this would include a statement of the steps taken by him in making the inquiry, so that the court could determine whether or not the reasons were sufficient. (*Forbes* v. *Hyde*, 31 Cal. 342; *Rue* v. *Quinn*, 137 Cal. 651, [66 Pac. 316, 70 Pac. 732].) But as to the positive statement that "he does not know and has never been informed of" any adverse claimants, the rule must be the same as in the case of an affidavit for publication of summons based on the fact that the defendant is a non-resident of the state, under similar statutes. The positive statement of the plaintiff to the fact is sufficient, without giving the reasons for the statement, or the inquiry made to ascertain the fact. (*Anderson* v. *Goff*, 72 Cal. 69, [13 Pac. 73]; *Furnish* v. *Mullan*, 76 Cal. 646, [18 Pac. 854]; *Parsons* v. *Weis*, 144 Cal. 415, [77 Pac. 1007]; *Johnson* v. *Miner*, 144 Cal. 785, [78 Pac. 240].)

This question was referred to, but not decided, in the case of *Title etc. Co.* v. *Kerrigan*, 150 Cal. 289, [88 Pac. 363], in which the statute was held to be valid. It is there said: "It is not clear that section 5 of the act requires a statement of the examination and inquiry made by the plaintiff to enable him to aver that 'he does not know and has never been informed of' any person claiming adversely." The point

was again before the court in the same case upon the petition for rehearing, but upon the filing of the petition in this case it was left open for further consideration. We now conclude that, by the terms of the statute, it is sufficient for the plaintiff to state positively, in the language of the section above quoted, "that he does not know and has never been informed of" any adverse claimant, and that thereupon, if the affidavit and proceedings are otherwise regular, the court will have jurisdiction to proceed to trial and judgment.

Something is said further in the same connection, in the case last cited, in regard to the duty of the plaintiff to make inquiry and the knowledge that would be imputed to him, if he should be aware of facts sufficient to put him on inquiry as to the existence of adverse claimants. These considerations would be of importance and the neglect to make such inquiry might be of great weight, on the question of the fraud or bad faith of the plaintiff, in any subsequent attack upon the decree upon the ground that there was extraneous fraud of the plaintiff in making a false affidavit to obtain jurisdiction. The affidavit, on this point, may be false in fact, and the plaintiff may know it to be false. This, if proven, would go far toward establishing the fraud, upon such subsequent suit. So, in any case, an affidavit to a fact, made to obtain process and secure jurisdiction, may be false, with like effect. The law, however, assumes good faith and does not presume fraud. In any case where constructive service is authorized, it is unnecessary, unless the statute expressly, or by implication, requires it, that the existence of good faith or the absence of fraud on the part of the plaintiff, in the preliminary steps to acquire jurisdiction of the proceeding, should be affirmatively shown upon the face of the record, either in the affidavit or elsewhere. If fraud or bad faith in this respect was practiced, it does not affect the jurisdiction of the court, nor render the decree invalid on its face. The remarks on that subject in the opinion referred to, are not to be considered as intended to declare that the rule on the subject applying to proceedings under this statute is in any respect different from that applying to other final judgments upon constructive service.

In *Title etc. Co.* v. *Kerrigan,* 150 Cal. 289, [88 Pac. 363], the validity of this statute from a constitutional point of

view was elaborately discussed and the statute was upheld. Some of the same objections are again presented in a somewhat different form.

It is argued that constructive service is permitted only because of necessity, and that no such necessity can arise from the mere fact that the plaintiff in the particular case has no knowledge or information of the existence of outstanding claims or interests in the property inconsistent with the title alleged in plaintiff; that this alone cannot justify the dispensing with personal service upon the owner of such outstanding claim, and that before substituted service upon him can be allowed under the constitution, it must at least appear that the plaintiff has made diligent inquiry to learn of the existence of such interests; and that, as the statute requires no inquiry on that point, but only a statement of the plaintiff's ignorance and want of information, it would operate to deprive the owners of such unknown interests of their property without due process of law.

We are unable to perceive any substantial difference in this respect between this and other instances wherein constructive service is authorized by statute. It has long been thoroughly established that, when necessary in order to reach property within the state, constructive service may be made upon non-residents, or persons absent from the state. (*Eitel* v. *Foote,* 39 Cal. 441; *Perkins* v. *Wakeham,* 86 Cal. 581, [21 Am. St. Rep. 67, 25 Pac. 51].) In such cases the statute requires no showing of inquiry as to the fact of non-residence or absence, but allows service by publication only, upon the bare affidavit of the plaintiff that such is the fact. In the case of the probate of a will, or the distribution of the estate of a deceased person, a mere general notice posted or published, referring only to the estate and not addressed to any person by name, is held to be sufficient to constitute due process of law upon all interested persons, known and unknown. (*Estate of Davis,* 136 Cal. 590, [69 Pac. 412] ; *Crall* v. *Poso Irr. Dist.,* 87 Cal. 147, [26 Pac. 797].) The same is true of many other kinds of proceedings affecting property within the state. (17 Ency. of Plead. & Prac., pp. 31, 38; *Title etc. Co.* v. *Kerrigan,* 150 Cal. 289, [88 Pac. 363].) In the case of proceedings in estates above mentioned no affidavit or other proof of the necessity for dispensing with

personal or actual notice is required. The legislature itself
has decided that the necessity exists. It arises, in part at
least, from the nature of the proceeding and the object to
be accomplished,—namely, a conclusive and effectual disposi-
tion of the estate. This cannot be had unless a notice can be
given which will bind all persons whatsoever with respect to
the property. An equal necessity appears here. The records
having been destroyed, the ordinary sources of knowledge of
outstanding claims and means of proof of title are wanting,
and, hence, the title cannot be satisfactorily established or
quieted, except by similar means. The legislature has accord-
ingly provided for a general notice to all persons interested,
to be given upon the filing of an affidavit by the plaintiff to
the truth of the facts specified in section 5 of the act. The
legislature is, primarily, the judge of this necessity, and
of the degree and character of the proof by which it is to
be established, in case it chooses to require proof in each
particular case.   (*Matter of Empire Bank,* 18 N. Y. 216.)
The only limitation upon this power with which we are con-
cerned here is that the occasion or fact, upon which the
legislature has authorized such service, must be sufficient to
show a reasonable necessity for the service prescribed. We
cannot say that there was not, in the present instance, reason-
able cause for the proceeding in question, nor that the affidavit
prescribed does not present facts which show a reasonable
necessity for the constructive service.

It is again contended here, as in the former case, that
courts have no power to adjudge, unless there is an actual

In this connection it is proper to say that in determining
whether or not due process of law is afforded, other statutes
applicable to the proceeding may be considered. The pro-
visions of section 473 of the Code of Civil Procedure apply
in such cases. Any person interested in the property and
having no actual notice of the decree, may come in at any
time within a year after its rendition, and by showing that
he has not been personally served with process, and stating
facts constituting a good defense to the proceeding,—that is,
facts sufficient to show that he has a valid adverse interest
in the property,—he may have the decree vacated as to him
and be allowed to answer to the merits.   (*Gray* v. *Lawlor,
ante,* p. 352, [90 Pac. 691].)

It is again contended here, as in the former case, that
courts have no power to adjudge, unless there is an actual

controversy; that title to real property cannot be quieted until it has been questioned; and hence, that the proceeding is purely administrative or ministerial, and not a judicial function, and that therefore the statute is an unauthorized delegation of administrative power to the judicial department of the state. This objection also was considered in the former case of *Title etc. Co.* v. *Kerrigan,* 150 Cal. 289, [88 Pac. 363]. It was further considered and again held to be unfounded in *Robinson* v. *Kerrigan, ante,* p. 40, [90 Pac. 129]. For a full discussion of the question, as also of the various other objections urged upon the present hearing, we refer to the opinions in those cases.

The petitioner had the right to demand the action of the superior court upon the case as presented. We cannot assume to direct that court as to the decision it shall render in the matter. But it is bound to give final judgment, either by granting the decree prayed for, or by denying it and dismissing the proceeding.

Let a writ of mandate issue commanding the superior court and the judge thereof to proceed to render judgment in the proceeding aforesaid.

Angellotti, J., Sloss, J., Lorigan, J., McFarland, J., and Henshaw, J., concurred.