[Civ. No. 786.  First Appellate District.—March 28, 1911.]

EMIL F. ANDREEN, Respondent, v. MARY C. ANDREEN, Appellant.

ACTION FOR DIVORCE—VALIDITY OF FINAL DECREE—PERMISSION TO ANSWER AFTER INTERLOCUTORY DECREE — VOID ORDER — ABSENCE OF NOTICE.—In an action for divorce, where it is claimed that the final decree was ineffective on the ground that the interlocutory decree was vacated, though it appears that it was not vacated in terms, yet, conceding that the filing of an answer with the permission of the court was in effect tantamount to an order vacating the interlocutory decree, still such order would be void, and could not have that effect, where it was made without notice to the plaintiff.

ID.—DECREE VALID ON FACE—VACATION—NOTICE AND HEARING ESSENTIAL.—It is certain that a decree valid on its face cannot be set aside without notice and a hearing.

ID.—SERVICE OF SUMMONS BY PUBLICATION—GROUND OF RELIEF UNDER SECTION 473—LAPSE OF ONE YEAR FROM INTERLOCUTORY DECREE.— Though the service of summons upon the defendant in the divorce case was by publication, and by the terms of section 473 of the Code of Civil Procedure she may be allowed one year after the rendition of any judgment in said action, to answer to the merits of the original action, she must make application for such relief within one year from the entry of the interlocutory decree, and when she failed to apply within that time, she is entitled to no relief from the date of the final decree, but that decree must be permitted to stand.

APPEAL from an order denying a motion to vacate a final decree in an action for divorce in the Superior Court of Santa Clara County.  P. F. Gosbey, Judge.

The facts are stated in the opinion of the court.

Karl F. Kennedy, for Appellant.

Wm. F. James, for Respondent.

KERRIGAN, J.—This is an appeal from an order denying a motion to vacate a final decree in an action for divorce.

The plaintiff brought an action against the defendant for a divorce. Jurisdiction of the defendant was acquired by publication of the summons, and, having failed to appear or answer within the time allowed by law, her default was entered, and subsequently, to wit, on October 11, 1907, after trial, the court found that the plaintiff was entitled to a divorce from the defendant, and accordingly, on that day an interlocutory decree in his favor was regularly entered.

In April, 1908, defendant learned of the entry of this decree, and, desiring to resist the divorce proceedings, she employed an attorney for that purpose in the month of September following. Immediately prior to October 7, 1908, it appears that defendant's attorney prepared an affidavit of merits and a notice of motion to permit the defendant to answer to the complaint, but that upon applying for an order shortening the time for the service of such notice of motion, he was advised, it seems, by the trial judge that no showing of merits or notice of motion was necessary to enable the defendant to answer. The attorney, acting upon this advice, failed to serve or file his notice of motion, but instead took a minute order on said seventh day of October, purporting to permit defendant to answer; and on that day an answer, denying the material allegations of the complaint, was in fact served and filed.

On October 19, 1908, more than a year having elapsed since the entry of the interlocutory decree, the court, disregarding the answer on file, granted the plaintiff a final decree of divorce.

Subsequently, on December 31, 1908, the defendant moved to set aside the final decree on the ground that she "was surprised by the action of the court in granting the final decree, and upon the ground that the final decree was void for the reason that the interlocutory decree had been set aside and vacated."

Delay and carelessness characterize all defendant's conduct in this proceeding. According to an affidavit filed on behalf of plaintiff, the defendant knew of the pendency of the action immediately after it was commenced, and was fully advised at that time by her former attorney concerning her rights in the matter. According to her own showing, she knew of the entry of the interlocutory decree in the month of April, about six months after the entry thereof, and failed to seek the aid of counsel until the following September, and she made no proper motion for any purpose until December 31, 1908, more than a month after the final decree was granted and regularly entered. Moreover, the trial judge denied, at least by implication, that he had advised defendant's attorney that no notice of motion to be permitted to file an answer was necessary.

In view of this showing it might well be held that the defendant was guilty of laches, and therefore not entitled to the benefit of the clause of section 473 of the Code of Civil Procedure hereinafter quoted. (*Hoffman* v. *Superior Court,* 151 Cal. 386, [90 Pac. 939] ; *Zobel* v. *Zobel,* 151 Cal. 98, [90 Pac. 191].) But we will pass this point without deciding it.

Coming now to the last ground of the motion, namely, that the final decree was void for the reason that the interlocutory decree had been set aside and vacated, this interlocutory decree was never in terms set aside. But even if it be conceded that the filing of an answer with the permission of the court was in effect tantamount to an order vacating this decree, still such order would be void, having been made without notice to the plaintiff. Certain it is that a decree valid on its face cannot be set aside without notice and a hearing. (Code Civ. Proc., sec. 473; *Vallejo* v. *Green,* 16 Cal. 160; *Reilly* v. *Ruddock,* 41 Cal. 312; *Sutton* v. *McMillan,* 72 N. C. 102; *Lyon* v. *McMillan,* 72 N. C. 392; *Irvine* v. *Davy,* 88 Cal. 495, [26 Pac. 506].)

The other ground of defendant's motion is equally untenable. One of the clauses of section 473 of the Code of Civil Procedure provides as follows: "When from any cause the summons in an action has not been personally served on the defendant, the court may allow, on such terms as may be just, such defendant . . . at any time within one year after the rendition of any judgment in such action, to answer to

the merits of the original action." It has been held that in making a motion under this provision, a showing of mistake, surprise, inadvertence or excusable neglect is unnecessary. (*Gray* v. *Lawlor,* 151 Cal. 352, [90 Pac. 691]; *Holiness Church* v. *Metropolitan Assn.,* 12 Cal. App. 445, [107 Pac. 633].) And defendant would seem to claim that, as the service of summons in this case was constructive, she had one year from the entry of the interlocutory decree within which to move to set it aside; and that, as she failed through an inadvertence to make such a motion in season, she should be entitled to have the final decree vacated, and to file her answer to the complaint. A mere statement of her position seems destructive of her contention. However we will briefly consider it.

The time for taking an appeal from a decree of divorce, or for making a motion under the provisions of said section 473 to vacate the same, runs from the date of its entry. (*Claudius* v. *Melvin,* 146 Cal. 257, [79 Pac. 897]; *Deyoe* v. *Superior Court,* 140 Cal. 476, [98 Am. St. Rep. 73, 74 Pac. 28]; *Reed* v. *Reed,* 9 Cal. App. 748, [100 Pac. 897]; *Pereira* v. *Pereira,* 156 Cal. 1, [134 Am. St. Rep. 107, 103 Pac. 488, 23 L. R. A., N. S., 880].) In this case no motion was made at all, or within one year from the entry of the interlocutory decree, to vacate the same; hence the final decree must be permitted to stand. But, in conclusion, assuming that the final decree was entered against the defendant through her excusable neglect, still the setting of it aside would serve no purpose, for the year from the entry of the interlocutory decree having run, and no motion having been made to vacate it, the plaintiff would be absolutely entitled to the final decree. Section 473 provides the circumstances and the time within which a party, having suffered a judgment of default to be entered against him, may have such judgment vacated and be permitted to answer. Here the defendant utterly failed to bring her case within the provisions of that section, and the trial court committed no error in denying her motion.

The order appealed from is affirmed.

Hall, J., and Lennon, P. J., concurred.