[L. A. No. 13312.   In Bank.—September 18, 1933.]

ETHEL D. MACBETH, Respondent, v. JOSEPH MAL-
DEN MACBETH, Appellant.

Joseph Malden Macbeth, *in pro. per.*, for Appellant.

Frank Lober and Harry C. Hickok for Respondent.

WASTE, C. J.—This is an appeal from an order refusing to set aside defendant's default and vacate a decree of divorce entered thereon.

On March 30, 1928, plaintiff commenced this action for divorce alleging, as grounds therefor, desertion and wilful neglect. Service by publication was had. An interlocutory decree was granted to the plaintiff on July 27, 1928. On June 14, 1929, defendant moved to have his default set aside and the decree vacated on the ground of extrinsic fraud. The requested relief was denied. An appeal from the order of denial was dismissed by this court on March 4, 1930. On April 11, 1930, a final decree of divorce was entered in favor of plaintiff. On June 25, 1930, approximately twenty-three months subsequent to the taking of defendant's default and the entry of the interlocutory decree, defendant filed what is designated as "Notice of Amended Motion . . . to Set Aside Default, etc." ■ This motion was based on substantially the same grounds as its predecessor, viz., extrinsic fraud in the entry of defendant's default and in the procurement of the interlocutory decree. Of course, despite its designation, this later motion must be regarded as an independent and separate request for relief. The original motion was no longer capable of amendment for the order denying it had become final.

Without pausing to consider the propriety of filing a second motion for relief under the circumstances above narrated, we are satisfied that the court below properly denied such motion. ■ Where, as here, service has been had by publication, a motion for relief from default whether made under section 473 of the Code of Civil Procedure or not, must, when the judgment is not void on its face, be made within the one-year period prescribed in the cited code section. (*Smith* v. *Jones,* 174 Cal. 513, 515, 516 [163 Pac. 890].) ■ The motion, from the order denying which this appeal was prosecuted, was not made until long after

the expiration of the one-year period. This being so, the motion is to be governed by the rules applicable to collateral attack and must therefore be presented and determined upon the judgment-roll alone. (*City of Salinas* v. *Lee,* 217 Cal. 252 [18 Pac. (2d) 335] ; *In re Morehouse,* 176 Cal. 634, 636 [169 Pac. 365].) In other words, the invalidity must appear on the face of the judgment-roll (*Whitney* v. *Daggett,* 108 Cal. 232, 235 [41 Pac. 471] ), which, in the present case, fails to disclose any impropriety in the entry of defendant's default or in the entry of the interlocutory decree.

Defendant seeks to evade the effect of the one-year period above mentioned by urging that the "amended" motion was made within one year from the entry of the final decree. The point is without merit. With respect to default judgments, inasmuch as the default as well as the judgment based upon it must be set aside if any effective relief is to be secured, the entry of the default fixes the beginning of the period within which the motion to set aside the default and judgment must be made. (*Title Ins. & Trust Co.* v. *King Land & Imp. Co.,* 162 Cal. 44 [120 Pac. 1066] ; *McLain* v. *Llewellyn Iron Works,* 56 Cal. App. 58 [204 Pac. 869].) In divorce cases, it is the date of the interlocutory rather than the final decree which determines the time within which relief from the former must be sought. (*Andreen* v. *Andreen,* 15 Cal. App. 728 [115 Pac. 761] ; 9 Cal. Jur. 747, sec. 100.)

In the case now before us, defendant's default and the interlocutory decree were entered approximately twenty-three months prior to the noticing of the motion here under review. The motion was therefore properly denied in the absence of invalidity appearing on the face of the judgment-roll.

The order appealed from is affirmed.

Shenk, J., Langdon, J., Preston, J., Thompson, J., Seawell, J., and Curtis, J., concurred.

Rehearing denied.