[S. F. No. 4073. In Bank.—February 8, 1905.]

P. CLAUDIUS, Petitioner, v. HENRY A. MELVIN, Judge of Superior Court of Alameda County, Respondent.

DIVORCE—ABSOLUTE DECREE DEEMED INTERLOCUTORY—EXCESS OF POWER —VOID PART REJECTED.—An absolute decree of divorce, entered without a previous interlocutory decree, since the amendments to the Civil Code requiring the entry of interlocutory decrees, must be deemed interlocutory in so far as it adjudges the right to a divorce, if sufficient in form for that purpose, and the remainder of the final decree, being in excess of the power of the court, must be rejected as null and void.

ID.—VOID ORDER VACATING INTERLOCUTORY PART OF DECREE—ENTRY NUNC PRO TUNC.—After the lapse of the time for appeal or motion, without any attack upon the interlocutory part of the final decree, the court lost all power to vacate it, and an order thereafter made assuming to vacate the whole decree, and to order a new interlocutory decree to be entered *nunc pro tunc,* was void and ineffective.

ID.—TIME FOR FINAL DECREE—MANDAMUS.—The time for a final decree began to run from the date of entry of the interlocutory part of the former final decree, and where the court, after the lapse of a year therefrom, refused a request to enter a final decree, because

CXLVI. Cal.—17

the interlocutory decree ordered, to be entered *nunc pro tunc* was not actually entered until a much later date, and a year therefrom had not expired, *mandamus* will lie to compel the entry of the final decree, without regard to the *nunc pro tunc* date of entry.

WRIT OF MANDATE to a Judge of the Superior Court of Alameda County. Henry A. Melvin, Judge.

The facts are stated in the opinion of the court.

Asa V. Mendenhall, for Petitioner.

A. E. Bolton, *Amicus Curiæ.*

T. W. Harris, and A. P. Van Duzer, for Respondent.

SHAW, J.—This is an original proceeding in this court to obtain a writ of mandate to compel the defendant, as judge of the superior court, to make and cause to be entered a final judgment of divorce in an action in the superior court of Alameda County, wherein P. Claudius is plaintiff and Gesine Claudius is defendant.

The case is submitted to us upon a demurrer to the petition. The facts are as follows: The action for divorce was commenced on August 14, 1903. The defendant was duly served with summons, and on August 27, 1903, her default was duly entered for failure to appear or answer. The matter was then referred to a referee for the taking of testimony, and on September 4, 1903, the court, upon the referee's report, made what is styled a final decree granting the divorce. The petition for mandate does not allege that this decree was entered, but as both parties in their briefs say it was entered at the time it was made, and argue the case on that hypothesis, we will consider the petition as amended in this particular. Thereafter, on September 15, 1904, on motion of plaintiff, the court made an order purporting to set aside said final decree on the ground that it was void, and further ordered that an interlocutory decree, declaring the plaintiff entitled to the divorce prayed for, be entered *nunc pro tunc* as of date September 4, 1903, and the same was entered accordingly. On September 21, 1904, plaintiff applied for a final decree, which was refused by the court on the ground that the formal interlocutory decree, though entered *nunc pro tunc* as of September

4, 1903, was not in fact entered until September 15, 1904; that one year had not passed since the date of actual entry, and that it was the time of the actual entry of the interlocutory decree, and not the theoretical entry thereof, which fixed the time after which the final decree could be entered. It is this final decree which the plaintiff seeks to procure by the mandate.

We think the defendant is correct in the position that the year which must elapse before final judgment can be given begins to run from the time of the actual entry of the interlocutory judgment,and not from any theoretical *nunc pro tunc* date of entry.

We are of the opinion, however, that plaintiff for other reasons is entitled to the mandate. In the case of *Grannis* v. *Superior Court,* decided this day, (*ante,* p. 245,) we held that a final decree, entered immediately after the trial or hearing, is absolutely void in so far as it purports to be final. It was not necessary in that case to determine whether or not a decree which purported to be a final judgment, and was void as such, could nevertheless stand as a valid interlocutory decree, if in form it was sufficient therefor. In this case the question is squarely presented.

The decree entered on September 4, 1903, declared that "It appears that all the allegations of the complaint are sustained by competent testimony; that said matter, so alleged and proved in behalf of plaintiff, is sufficient in law to entitle said plaintiff to the relief as prayed for in said complaint." Thereupon followed the usual form of judgment of divorce. Section 131 of the Civil Code provides that if the court decides that the divorce ought to be granted it shall enter an interlocutory judgment declaring "that the party in whose favor the court decides is entitled to a divorce." This the part of the decree above quoted substantially does. It was therefore sufficient in form for a valid interlocutory judgment. The entire decree embraced both an interlocutory and a final judgment, and they were simultaneously entered. The part purporting to grant an immediate divorce was void because at that time the year from the entry of the interlocutory judgment had not expired. It is a well-settled proposition that a judgment may be in part valid and in part void. Unless the two portions are so inseparably con-

nected that the one part cannot be declared void without vitiating the other, the rule is, that the portion which is not in excess of jurisdiction may stand and the remainder be considered null. Where a part of the judgment is valid, it may be to that extent enforced, although another provision of the same judgment may be in excess of the power of the court, and for that reason void. (*People* v. *Brown,* 113 Cal. 36; *Ex parte Rosenheim,* 83 Cal. 392; *Anderson* v. *Parker,* 6 Cal. 201.) The judgment entered on September 4, 1903, therefore constituted a valid interlocutory judgment declaring the plaintiff entitled to a divorce. As such it was subject to be vacated on appeal, or on motion for new trial, or by proceedings under section 473 of the Code of Civil Procedure. The time for all these proceedings having expired, and no such proceeding to vacate it having been instituted, the court thereupon lost all power by any proceeding in the case to modify or vacate the judgment, in so far as it constituted an interlocutory judgment. All that the court could do at the time it made the order purporting to set aside the whole judgment was to vacate the part purporting to be a decree of immediate divorce. In *People* v. *Davis,* 143 Cal. 675, speaking of a valid judgment under similar circumstances, the court said: "Under such circumstances the judgment is entirely beyond the reach of the court that rendered it, except in a separate action, and any order of the court purporting to vacate it is beyond the jurisdiction of the court, and therefore void. Such an order occupies no better position than a judgment that is void upon its face, and, like such a judgment, is assailable wherever and whenever it may be produced, and whether the attack upon it be direct or collateral" (citing *People* v. *Temple,* 103 Cal. 447, and *Moore* v. *Superior Court,* 86 Cal. 495). It follows that the order of the court made on September 15, 1904, purporting to set aside the whole of the judgment of September 4, 1903, was itself wholly void in so far as it attempted to affect the part of said judgment declaring the plaintiff entitled to a divorce, and the interlocutory judgment remained unaffected.

The entry of an interlocutory decree *nunc pro tunc* was unnecessary, the order to enter it was without authority, and that part of the proceedings was entirely nugatory and may be disregarded. A year had elapsed between the time of the

actual entry of the first judgment, which stands as a sufficient interlocutory judgment, and the application of the plaintiff for a final judgment. He was therefore at that time entitled to a judgment granting the divorce, and the defendant should have complied with his request to make and enter the same.

Let the writ issue as prayed for.

Angellotti, J., Van Dyke., J., Lorigan, J., McFarland, J., Henshaw, J., and Beatty, C. J., concurred.