[Civ. No. 405.  First Appellate District.—January 29, 1909.]

## HELEN B. REED, Appellant, v. GEORGE W. REED, Respondent.

DIVORCE—EFFECT OF INTERLOCUTORY DECREE SUBSISTING ONE YEAR—CONCLUSIVENESS—NEW ISSUES NOT TO BE TRIED—FINAL DECREE.—After an interlocutory decree of divorce upon a particular ground, which settles property rights, has existed a full year, without motion for a new trial or appeal, or motion to vacate the same in proper time, it is conclusive of all matters therein adjusted, and neither party can then present new issues or bring in new witnesses, as to any cause of action or defense discovered since the entry of the interlocutory decree, but the final decree should be entered in accordance with the interlocutory decree.

ID.—CONSTRUCTION OF CODE—"OTHER AND FURTHER RELIEF ON FINAL DECREE."—The code provision, in relation to the final decree, that it may provide "such other and further relief as may be necessary to complete the disposition of the action," is to be construed as referring to such matters as the care and custody of children of the marriage, or such other and further relief as may be necessary to carry into effect the property dispositions made in the interlocutory decree. That provision does not authorize a supplemental complaint setting up a new ground of divorce, and seeking a distinct disposition of property rights, growing out of discoveries made since the entry of the interlocutory decree.

ID.—LOSS OF JURISDICTION TO MODIFY OR VACATE INTERLOCUTORY DECREE.—When the interlocutory decree has become absolutely final, by the lapse of one year without objection thereto, the court has lost all jurisdiction to modify or vacate the same, so far as it constitutes an interlocutory judgment; and it has jurisdiction only to enter a final decree carrying the interlocutory judgment into final effect.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. James M. Troutt, Judge.

The facts are stated in the opinion of the court.

Louis P. Boardman, for Appellant.

J. J. West, for Respondent.

COOPER, P. J.—This is an appeal from a final judgment in a divorce proceeding. The facts are substantially as follows: In June, 1904, the plaintiff commenced the action for a divorce from defendant upon the ground of willful desertion. In the verified complaint it is alleged that there are no property rights involved and no claim is made by plaintiff for alimony or counsel fees. The answer of defendant denies the desertion, and affirmatively alleges that at the time of the commencement of the action there were property rights in controversy, but that such property rights have since been completely adjusted between the parties. Upon the issues so made the case proceeded to trial, and findings were filed in June, 1904. The court found in favor of plaintiff as to the willful desertion, and found further that after the action was commenced the parties settled and adjusted their property rights, and that defendant had paid to plaintiff in such settlement the sum of $12,500, and further transferred and conveyed to her certain parcels of real estate situated in the city and county of San Francisco and fully described in the findings, by reason of which the court finds that plaintiff "has released and discharged the defendant of and from all claims and demands of whatsoever kind or character in or to any separate or community property owned or possessed by defendant, and has released him from all claims for maintenance and support and for counsel fees or costs herein; and has also released and discharged the defendant of and from all claims of whatsoever kind or character which she may have or claim to have against him to any property belonging to him or standing in his name." The findings contain the following conclusions of law: "That the plaintiff herein is entitled to the decree and judgment of this court, dissolving the marriage now and heretofore existing between herself and the defendant, without alimony for her support and maintenance, or for

counsel fees or costs herein, and without any claim against the defendant, or against, in or to any of his separate property, or against, in or to any of the community property of the parties hereto other than the property conveyed to plaintiff by the defendant as hereinabove set forth.''

Following the findings an interlocutory decree was duly made and entered on the third day of June, 1904. No motion for a new trial was made, and from this decree no appeal was taken.

On June 6, 1905, the year having expired, the defendant made a motion for a final judgment upon said interlocutory decree, which motion was resisted by plaintiff. Upon June 8, 1905, the matter came on regularly for hearing, and plaintiff filed a verified paper, styled ''Opposition of plaintiff to defendant's motion for the entry of final decree of divorce, and Supplemental Complaint for assignment of community property.'' It is therein alleged ''that plaintiff is informed and believes and upon her said information and belief alleges and states to the court, that shortly after the making and entry of the said interlocutory decree of divorce in this action, the said defendant, in violation of his said marriage contract and relation with plaintiff and of said decree, willfully and knowingly entered into an assumed and pretended marriage relation with a certain woman, whose name and identity are now and have been unknown to plaintiff; that said defendant has, during the period of time since the entry of said interlocutory decree of divorce herein, lived and cohabited with said woman openly and notoriously as husband and wife, and has assumed with her all the relations of husband and wife.'' It is further stated in the said opposition or objections that the property settlement as made by the parties and as settled by the decree of the court was not fair, the allegation being: ''That in the course of said negotiations relating to the division, disposition and assignment of said property belonging to plaintiff and defendant, and resulting in said contract and stipulation, said defendant made various statements and misrepresentations to plaintiff concerning the amount, value and condition of said community property and his said personal estate, and plaintiff states that in and about the making of said contract and stipulation, and in negotiations relating thereto, there was collusion and fraud, and that thereby and through and by means thereof, and by the said fraudulent misrepresentations of said

defendant of and concerning said property, on which plaintiff relied, plaintiff was induced to accept comparatively a small amount of said property in settlement of her rights in and to the same and in said action, and did not receive a fair and just proportion of the said community property of plaintiff and said defendant under the provisions of said stipulation and agreement.''

Plaintiff concluded said objections with a prayer that the motion for a final decree be denied; that the person designated as the alleged wife of defendant be brought in by proper proceedings as a co-respondent, and her pretended marriage with defendant be declared null and void; and that it be adjudged that defendant is guilty of adultery with such pretended wife; that the amount, nature and value of the community property be ascertained; that it be assigned to the respective parties as to the court may seem proper.

The court denied the said motion of plaintiff, and ordered judgment that a final decree of divorce be entered.

It will thus be seen that the plaintiff, by this motion, in effect desired to amend her complaint, and allege adultery that had been committed by the defendant after the interlocutory decree, with a woman whose name is not given and whose identity is not known. Even the date when and place where such adultery is supposed to have been committed are not given. The allegation is made ''upon information and belief''; but the sources of the information are not given, nor the facts and circumstances which led to such belief. While it is sought to have the decree as to the property rights set aside on the ground of ''collusion and fraud,'' the plaintiff makes no offer to restore the $12,500 paid to her, nor to reconvey the various lots of land conveyed to her. No facts are set forth to show in what the collusion and fraud consisted. It is not even alleged what is the character or value of the property now owned by the defendant, and which the plaintiff after a year's reflection now desires to reach.

This brings us to the consideration of the question as to whether or not, after the interlocutory decree in a divorce case has been in existence for a full year, and not appealed from or in any way questioned, the parties may bring in witnesses and try the case upon new issues based upon facts that have either occurred or been discovered since the interlocutory decree was entered. May the plaintiff place detectives upon the

trail of her husband, and watch him during the entire year to see if he is still faithful to his marriage vow for the purpose of a new cause of action? We are of opinion that such is not the interpretation to be given to the sections of the code as amended. The code provides for a trial, for findings of fact and conclusions of law, and that if no divorce is granted, final judgment shall be entered accordingly; that if the court determines that a divorce ought to be granted, "an interlocutory judgment" must be entered, declaring that the party in whose favor the court decides is entitled to a divorce, and that from such interlocutory judgment an appeal may be taken within six months after its entry, in the same manner and with like effect as if the judgment were final. That when one year has expired after the entry of such interlocutory judgment, the court, on motion of either party or upon its own motion, may enter the final judgment granting the divorce, and such final judgment shall restore them to the status of single persons, and permit them to marry after the entry thereof; and "such other and further relief as may be necessary to complete disposition of the action." (Civ. Code, secs. 131, 132.)

Although the above provisions have been held constitutional (*Deyoe* v. *Superior Court,* 140 Cal. 476, [98 Am. St. Rep. 73, 74 Pac. 28]), they have been the cause of many new questions for the courts. While marriage is the most sacred and important contract known to our civilization, and of the most vital importance, yet it is the only contract that has imposed upon it such condition that the court, after finding that it has been broken and should be dissolved, must wait a full year before granting relief to the injured party. We know of no other case in which, after a full hearing and finding of all the facts, the relief must be withheld and matters stand *in statu quo* for one year.

An interlocutory decree is usually one which determines some matter between the commencement and the end of a suit, which, however, is not a final disposition of the matter in issue. In its usual acceptation and sense it leaves something to be determined before the final decree is entered. The legislature, in the enactment of the sections, clearly did not contemplate that at the end of the year either party could file a supplemental complaint, and allege a new cause of action for divorce, or that the defeated party could, by such supplemen-

tal pleading, set forth a cause of action by way of recrimination, so as to prevent the party who prevailed at the first trial from having a decree entered after the expiration of the year. If such is the meaning of the statute a divorce case might be kept in court for years, or during the life of the parties. The maxim,"*Interest reipublicae ut sit finis litium,*" is applicable to such condition. The dominion of things, of personal relations, or property rights and of the custody of the children, should not so long remain uncertain as to give rise to numerous suits and prolong or perpetuate litigation. In our opinion, the legislature contemplated that the interlocutory decree should settle the question as to whether or not a divorce should be granted, and the question of the disposition of the property rights properly before the court, for the reason that provision is made, as in any other cases, for a new trial, for an appeal within six months "with like effect as if the judgment were final."

Our attention is called to the fact that the code provides that upon granting the final decree the court may give "such other and further relief as may be necessary to a complete disposition of the action." This provision evidently relates to such matters as an allowance for the care and custody of the children of the marriage, or where a sale or partition of the property has been ordered in the interlocutory decree; or where the court has made an order that certain property be conveyed to be held in trust to secure permanent alimony, and matters of such import.

The views we have expressed are not without authority to sustain them. In *John* v. *Superior Court,* 5 Cal. App. 262, [90 Pac. 53], the same views are in effect expressed in regard to the interlocutory decree. There the court said: "Section 132 gives the court the power of its own motion to enter a final judgment at the expiration of one year from the entry of the interlocutory judgment; and the fact that this authority is given the court would seem to exclude the idea that a trial was contemplated at the time of entering the last judgment. . . . The decision of the court, both as to the granting of the divorce and the disposition of the property, is subject to review on appeal; and certainly it was never intended that there should be a delay of a year, and possibly of a longer period, in case of an appeal from the

interlocutory judgment, and then another trial as to issues involving the property rights of the parties, followed by the delay of another appeal from the decision thereon and judgment disposing of the same." (See, also, *Barron* v. *Barron* (Cal.), 96 Pac. 273; *Grannis* v. *Superior Court,* 146 Cal. 245, [106 Am. St. Rep. 23, 79 Pac. 891]; *Claudius* v. *Melvin,* 146 Cal. 257, [79 Pac. 897].) The court said in the latter case: "The judgment entered on September 4, 1903, therefore, constituted a valid interlocutory judgment, declaring the plaintiff entitled to a divorce. As such it was subject to be vacated on appeal or on motion for a new trial, or by proceedings under section 473 of the Code of Civil Procedure. The time for all these proceedings having expired, and no such proceeding to vacate it having been instituted, the court thereupon lost all power by any proceeding in the case to modify or vacate the judgment so far as it constituted an interlocutory judgment."

The judgment is affirmed.

Kerrigan, J., and Hall, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 29, 1909.