[Civ. No. 1710.  Second Appellate District.—May 6, 1915.]

## WILLIAM D. NEWELL, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

DIVORCE—ENTRY OF FINAL DECREE—MANDAMUS TO COMPEL ENTRY.— After the expiration of a year from the entry of the interlocutory decree in a divorce action, and where no motion for new trial is pending and no appeal has been taken, a writ of mandate may issue at the instance of the plaintiff to require that the court grant the final decree.

ID.—INTERLOCUTORY DECREE—EFFECT OF—PROPERTY RIGHTS—SUPPORT OF WIFE.—In a divorce action under the provisions of our code, the function of an interlocutory decree includes not only the establishment of the right of a party to a divorce, but includes also the hearing and final determination of the rights of the parties as to property.  Any disposition of property rights made in connection with the hearing of the principal cause of action is regularly included in and becomes a part of the interlocutory decree.  If no appeal be taken, such decree becomes final with respect to those property rights, as well as with respect to the adjudged right to a divorce.  Necessarily the same consequence follows where the court takes into consideration and includes in its interlocutory decree the matter of provision for the support of the wife.

ID.—INTERLOCUTORY DECREE—FINAL DETERMINATION OF RIGHT TO DIVORCE—APPEAL AS TO SUPPORT—ENTRY OF FINAL DECREE—MANDAMUS.—In such a case *mandamus* will not lie to compel the entry of a final decree, although the interlocutory judgment has become final with respect to plaintiff's right to a divorce, where there is an appeal pending affecting the provision made therein for the support of the plaintiff.

APPLICATION originally made in the District Court of Appeal for the Second Appellate District for a Writ of Mandate to compel the entry of a final decree of divorce.

The facts are stated in the opinion of the court

Earl Curtis Peck, for Petitioner.

Frank P. Doherty, for Respondent.

CONREY, P. J.—The petitioner has applied to this court for a writ of mandate to compel the entry of a final decree of divorce in an action wherein Kate E. Newell is plaintiff and the petitioner, William D. Newell, is defendant.  On the

eighteenth day of November, 1912, in the superior court of Los Angeles County, an interlocutory judgment was entered in said action whereby it was determined that the plaintiff was entitled to a divorce and it was ordered that the defendant pay to the plaintiff a certain monthly allowance for her maintenance and support until the further order of the court. Immediately thereafter the defendant appealed to the supreme court from that portion of the interlocutory decree which provided for the maintenance and support of the plaintiff. That appeal is pending in this court pursuant to an order of transfer from the supreme court.

In response to an alternative writ issued in this proceeding, the respondent judge of the superior court states that, on the thirtieth day of November, 1914, he denied the motion of petitioner for entry of a final decree of divorce in said action and that such denial was on the ground that an appeal from the interlocutory decree of divorce was at that time pending and undetermined. It is settled that after the expiration of a year from the entry of the interlocutory decree in a divorce action, and where no appeal has been taken, the writ of mandate may issue at the instance of the plaintiff to require that the court grant the final decree. (*Claudius* v. *Melvin,* 146 Cal. 257, [79 Pac. 897].) For the purposes of this decision we will assume that the same rule exists in favor of the defendant against whom the decree of divorce has been granted; although it is somewhat anomalous that the wrongdoer in an action in equity should be permitted to demand affirmative relief and compel the court to visit upon him the legal consequences of his wrongful acts. It is nevertheless true that the code has provided that the final decree may be entered by the court "on motion of either party, or upon its own motion." (Civ. Code, sec. 132.) But it is also provided in the same section that "if any appeal is taken from the interlocutory judgment or motion for a new trial made, final judgment shall not be entered until such motion or appeal has been finally disposed of, nor then, if the motion has been granted or judgment reversed."

It has been determined that in a divorce action under the provisions of our code the function of an interlocutory decree includes not only the establishment of the right of a party to a divorce but includes also the hearing and final determination of the rights of the parties as to property. Any

disposition of property rights made in connection with the hearing of the principal cause of action is regularly included in and becomes a part of the interlocutory decree. If no appeal be taken, such decree becomes final with respect to those property rights, as well as with respect to the adjudged right to a divorce. (*Huneke* v. *Huneke*, 12 Cal. App. 199, 203, [107 Pac. 131] ; *Pereira* v. *Pereira*, 156 Cal. 1, [134 Am. St. Rep. 107, 23 L. R. A. (N. S.) 880, 103 Pac. 488].) Necessarily the same consequence follows where the court takes into consideration and includes in its interlocutory decree the matter of provision for the support of the wife.

In the present case there is an interlocutory judgment which has become final with respect to the plaintiff's right to a divorce, but is subject to a pending appeal affecting the provisions made therein for the support of the plaintiff. Until the determination of that appeal the superior court is not in a position to know whether it will be required to make some other and different order affecting a matter closely connected with the granting of the divorce. "There is no doubt that a superior court may be compelled by *mandamus* to proceed in regular course to the trial of a cause, when without any legal reason it flatly refuses to do so. But the writ can be used for this purpose only when the action of the lower court is a plain refusal to perform a clear duty which the law specially enjoins; and the party invoking its aid must show a case where the duty of the court to do the thing asked is pure and simple, and unmixed with discretionary power or the exercise of judgment." (*Tomkin* v. *Harris*, 90 Cal. 201, [27 Pac. 202].) The provision contained in section 132 of the Civil Code, postponing the entry of final judgment until after final disposition of any appeal from the interlocutory judgment, was adopted in recognition of the fact that in granting a divorce the court has a variety of duties to perform affecting the property rights of the parties and the future welfare of those parties and their children; and it was deemed advisable that in such cases all of those matters, as far as possible, should be finally adjusted in connection with the granting of a divorce.

The application of petitioner for a peremptory writ of mandate is denied and the proceeding is dismissed.

James, J., concurred.

Shaw, J., concurred in the judgment.