[S. F. No. 8166.  In Bank.—January 23, 1917.]

## JULIA M. SUTTMAN, Petitioner, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

DIVORCE—INTERLOCUTORY DECREE—VACATION OR MODIFICATION OF.—The interlocutory judgment for a divorce provided for by section 131 of the Civil Code, when regularly entered, is subject to be modified or vacated only in some way provided by law for the modification or vacating of final judgments, as by appeal, or on motion for a new trial, or by proceedings under section 473 of the Code of Civil Procedure.

ID.—JURISDICTION TO VACATE DECREE—REQUEST OF PARTY IN WHOSE FAVOR JUDGMENT IS GIVEN—WANT OF NOTICE TO DEFENDANT.— Where a valid interlocutory judgment for divorce has been regularly made and entered upon the default of the defendant, the court has no jurisdiction to vacate it at the request of the plaintiff in whose favor the judgment was given, without any notice to or consent of the defendant.

ID.—DEFAULTING DEFENDANT MAY INSIST UPON INTEGRITY OF DECREE.— Even if an order so attempting to vacate the interlocutory decree is not void on its face, the defendant, notwithstanding his default, has such a standing in the action as entitles him to insist upon the integrity of the decree, and to move to vacate the order under the provisions of section 473 of the Code of Civil Procedure.

APPLICATION for a Writ of Certiorari to review an order of the Superior Court of the City and County of San Francisco. John J. Van Nostrand, Judge.

The facts are stated in the opinion of the court.

Jos. L. Taaffe, for Petitioner.

ANGELLOTTI, C. J.—This is an application for a writ of review, the object being to obtain the annulment of an order of the superior court, purporting to vacate a previous order which purported to vacate an interlocutory judgment previously given in a divorce action, declaring the plaintiff therein to be entitled to a divorce.

The action was one in which defendant husband had failed to appear, and his default had been entered. The interlocutory judgment was regularly given and entered. Some three months thereafter the plaintiff wife asked the court to make its order setting aside the interlocutory judgment, her application stating simply that she "is desirous of setting aside the interlocutory decree," etc., and not in any sense being an application for relief under section 473 of the Code of Civil Procedure. On October 26, 1916, the superior court made its order purporting to grant the application and to vacate, annul, and set aside such judgment. All this was done without notice to or consent of the defendant husband. On December 23, 1916, the superior court made an order on the application of the defendant husband vacating, annulling, and setting aside the order of October 26, 1916. The last-named order is the one here sought to be reviewed.

We are satisfied that the order of October 26, 1916, was in excess of the jurisdiction of the court. In view of our statutory provisions the interlocutory judgment provided for by section 131 of the Civil Code, is, when regularly entered, subject to be modified or vacated only in some way provided by law for the modification or vacating of final judgments. The character of such an interlocutory judgment in this regard is fully shown by what is said in *Claudius* v. *Melvin,* 146 Cal. 257, [79 Pac. 897]. It is final except against such attack as is expressly authorized by statute. It is subject to be vacated on appeal, or on motion for a new trial, or by proceedings under section 473 of the Code of Civil Procedure (*Claudius* v. *Melvin,* 146 Cal. 257, [79 Pac. 897], or in any other way that may be expressly authorized for the review of final judgments. There is no statutory provision authorizing the superior court to vacate a valid interlocutory judgment

for divorce which has been regularly made and correctly entered simply because one of the parties desires it to be vacated, even though that party be the one in whose favor the judgment was given. It is expressly provided in section 131 of the Civil Code, that "after the entry of the interlocutory judgment, neither party shall have the right to dismiss the action without the consent of the other." Pending entry of final decree, the interlocutory judgment can be affected only in some way provided by statute for its review, and with the lapse of one year from the date of its entry, in the absence of some authorized review, *either* party becomes entitled to have a final decree entered in accord with its terms. (See *Claudius* v. *Melvin, supra.*) It is immaterial in this connection that the defendant suffered default.

The facts stated herein are fully set forth in the petition of the wife to this court for a writ of review. They show that the order of October 26, 1916, was in excess of the jurisdiction of the superior court. Even if we assume that such order is not void on its face, void in the light of such record as is available on a collateral attack thereon (in which event it could be vacated *at any time* by the court on its own motion— *People* v. *Davis*, 143 Cal. 673, [77 Pac. 651]—nevertheless the superior court undoubtedly had jurisdiction to entertain and grant the application of the defendant, made under the provisions of section 473 of the Code of Civil Procedure, within six months after such order was made, that such order be vacated. There is no doubt in our minds that in view of the provisions of our statute such defendant had such standing as entitled him, notwithstanding his default, to insist on the integrity of the interlocutory decree and its immunity from such action as was attempted by the order of October 26, 1916.

The application for a writ of review is denied.

Shaw, J., Sloss, J., Lorigan, J., Melvin, J., and Lawlor, J., concurred.