[L. A. No. 5457. In Bank.—June 3, 1918.]

## GRIFFING BANCROFT, Respondent, v. ETHEL W. BANCROFT, Appellant.

DIVORCE—INTERLOCUTORY DECREE—PROCEDURE AND TIME FOR ALTERING OR SETTING ASIDE.—An interlocutory decree of divorce is subject to attack only in the proceeding in which it is entered, upon appeal, or by proceedings under section 473 of the Code of Civil Procedure, within six months after the entry of such decree, and after the expiration of the period within which either of these forms of attack may be made, the trial court is without jurisdiction to alter it or set it aside.

APPEAL from an order of the Superior Court of San Diego County. C. N. Andrews, Judge.

The facts are stated in the opinion of the court.

Luce & Luce, and Joseph L. Lewinsohn, for Appellant.

Ward, Ward & Ward, and Sweet, Stearns & Forward, for Respondent.

RICHARDS, J., *pro tem.*—This is an appeal from an order dismissing the defendant's application for an order setting aside the interlocutory decree herein after an order sustaining, without leave to amend, the plaintiff's demurrer to said

application. The facts of the entire case embracing the particular grounds upon which said application was made and upon which it was demurred to and dismissed are set forth in the decision of the case of *Bancroft* v. *Bancroft, ante,* p. 359, [173 Pac. 579]. The main contention of the appellant upon this appeal is that the trial court has power, upon the motion of either party, to set aside the interlocutory decree in a divorce case at any time prior to the entry of the final decree. This contention cannot be sustained. It is well settled that an interlocutory decree of divorce is only subject to attack in the proceeding in which it is entered upon appeal, or by proceedings under section 473 of the Code of Civil Procedure, within six months after the entry of such decree, and that after the expiration of the period within which either of these forms of attack may be made, the trial court is without jurisdiction to alter or set aside its interlocutory decree. (*Claudius* v. *Melvin,* 146 Cal. 257, [79 Pac. 897]; *Suttman* v. *Superior Court,* 174 Cal. 243, [162 Pac. 1032]; *Newell* v. *Superior Court,* 27 Cal. App. 343, [149 Pac. 998]; *Reed* v. *Reed,* 9 Cal. App. 748, [100 Pac. 897].)

It follows that the appellant's contention cannot be upheld and hence that the order must be, and is hereby, affirmed.

Sloss, J., Wilbur, J., Shaw, J., and Angellotti, C. J., concurred.

MELVIN, J., Concurring.—I concur because the law is and has long been settled just as Mr. Justice Richards indicates. I do not wish to be understood, however, as approving *Claudius* v. *Melvin,* cited in the main opinion, except that part of the decision in which this court held that, as judge of the superior court, I properly decided that a final decree might not be entered until one year after the entry of an interlocutory decree. I have never felt satisfied with this court's ruling that a decree final in form and intended to be a final decree was in reality an interlocutory judgment.