[Civ. No. 3656. Second Appellate District, Division One.—July 7, 1921.]

GEORGE L. DELL, Petitioner, v. THE SUPERIOR COURT OF THE COUNTY OF SAN DIEGO et al., Respondents.

[1] JUDGMENT—MOTION TO VACATE—TIME.—A court is without jurisdiction to vacate and annul a valid interlocutory judgment of divorce where the application is not made until two years after its rendition, since a court has no power to set aside or vacate on motion a judgment not void upon its face, unless the motion is made within the time fixed by section 473 of the Code of Civil Procedure.

[2] DIVORCE—INTERLOCUTORY JUDGMENT—EXPIRATION OF YEAR—RESUMPTION OF MARITAL RELATIONS—JURISDICTION TO VACATE.— While the court in a divorce action has the inherent power to refuse to enter a final decree of divorce where it is made to appear

the parties have resumed marital relations, it does not follow that the court, after a lapse of a year, has jurisdiction to vacate an interlocutory judgment the integrity of which, in so far as it determines the facts properly involved therein, is unaffected by subsequent relations of the parties.

[3] PROHIBITION—ADEQUATE REMEDY AT LAW—EXCEPTION TO RULE.— While it is true that a writ of prohibition will not ordinarily issue where there is a plain, speedy, and adequate remedy in the ordinary course of law, there are exceptional cases where an appeal is not an adequate remedy, among which are those where in obtaining a reversal of the unwarranted ruling of the court the aggrieved party would be subjected to other than the usual expense of a trial and appeal, where due to the nature of the case no recovery could be had therefor.

[4] ID.—PREVENTION OF VACATION OF INTERLOCUTORY JUDGMENT OF DIVORCE—EXPIRATION OF YEAR—REMEDY BY PROHIBITION.—A writ of prohibition will issue to prevent the superior court from setting aside an interlocutory judgment of divorce where the time for vacation on appeal or on motion for new trial or by proceedings under section 473 of the Code of Civil Procedure has expired.

APPLICATION for a Writ of Prohibition to prevent the setting aside of an interlocutory decree of divorce. Granted.

The facts are stated in the opinion of the court.

Charles B. DeLong for Petitioner.

W. J. Mossholder for Respondents.

SHAW, J.—Upon filing the petition herein an alternative writ of prohibition was issued, in response to which the respondent has made return, from which and the petition it appears that on June 9, 1919, Eva D. Dell obtained an interlocutory judgment for divorce against George L. Dell, petitioner herein, as to the validity of which judgment no question is made. Thereafter the parties effected a reconciliation and in December, 1919, resumed their marital relations which, except for temporary interruptions, continued to April 28, 1921, when they again separated and Eva D. Dell instituted another action for divorce against

3. When writ of prohibition lies, notes, 12 **Am. Dec.** 604; 18 **Am. Dec.** 238; 111 **Am. St. Rep.** 929.

her husband, wherein she asked for an order requiring him, as defendant therein, to pay certain moneys as attorney's fees, alimony, and costs. About the same time, by a motion made in the first action based upon the ground that subsequent to the rendition of the interlocutory judgment therein the parties had resumed their relations as husband and wife, she applied to the court asking it to annul and vacate the interlocutory judgment, which motion the court threatens to and will, unless restrained, grant.

[1] As stated, the regularity and validity of the judgment is not questioned, and the application to so annul it was not made until nearly two years after its rendition. The law seems to be well settled that a court has no power to set aside or vacate on motion a judgment not void upon its face, unless the motion is made within the time fixed by section 473 of the Code of Civil Procedure. (*People* v. *Davis*, 143 Cal. 673, [77 Pac. 651]; *People* v. *Temple*, 103 Cal. 447, [37 Pac. 414].) The judgment entered on June 9, 1919, constituted a valid interlocutory judgment declaring plaintiff entitled to a divorce. "As such it was subject to be vacated on appeal, or on motion for new trial, or by proceedings under section 473 of the Code of Civil Procedure. The time for all these proceedings having expired, and no such proceeding to vacate it having been instituted" until nearly two years after its rendition, the court is without jurisdiction by any proceeding in the case to vacate the judgment. (*Claudius* v. *Melvin*, 146 Cal. 257, [79 Pac. 897].) To the same effect is *Suttman* v. *Superior Court*, 174 Cal. 243, [162 Pac. 1032].

[2] While the court in a divorce action, as held in *Olson* v. *Superior Court*, 175 Cal. 250, [1 A. L. R. 1589, 165 Pac. 706], has the inherent power to refuse to enter a final decree dissolving the bonds of matrimony where it is made to appear that upon a condonation of the offense upon which the interlocutory judgment is based the parties resumed marital relations, it does not follow from such fact that the court, after the lapse of a year, has jurisdiction to vacate an interlocutory judgment the integrity of which, in so far as it determines the facts properly involved therein, is unaffected by subsequent relations of the parties. The facts having been judicially determined by a final judgment, it can only be set aside by a proceeding

in the nature of a direct attack thereon. The question involved in the Olson case was the right to a writ of mandate compelling the trial court to enter a final judgment where it appeared the parties had within a year effected a reconciliation and resumed marital relations. It cannot be deemed an authority in support of respondent's contention.

Conceding the court is without jurisdiction to grant the motion, respondent insists that petitioner's remedy for such unwarranted action, if had, is by an appeal. [3] While it is true that a writ of prohibition will not ordinarily issue where there is a plain, speedy, and adequate remedy in the ordinary course of law (*Lindley* v. *Superior Court,* 141 Cal. 220, [74 Pac. 765]), and conceding that the order if made would, since made after judgment, be the subject of an appeal, nevertheless there are exceptional cases where an appeal is not an adequate remedy, among which are those where in obtaining a reversal of the unwarranted ruling of the court the aggrieved party would be subjected to other than the usual expense of a trial and appeal where, due to the nature of the case, no recovery could be had therefor. (*Ophir Silver Min. Co.* v. *Superior Court,* 147 Cal. 467, [82 Pac. 70]; *Glide* v. *Superior Court,* 147 Cal. 21, [81 Pac. 225].) [4] While petitioner would upon an appeal be entitled to a reversal of the order, he could, by order of court, be compelled to supply his wife with the necessary means to enable her to resist the appeal, and likewise, under an order of court, compelled to pay his wife suit money and costs asked for in a futile prosecution of the second action instituted by her for divorce, as to all of which the law makes no provision for reimbursement.

The trial court is without jurisdiction to entertain the motion or make the order therein applied for, and under the circumstances, conceding that petitioner might appeal therefrom, it would not afford him an adequate remedy for the unwarranted action.

The alternative writ of prohibition heretofore granted is made permanent.

Conrey, P. J., and James, J., concurred.