S. J. GREENWOOD, Respondent, v. VICTORIA R. GREENWOOD, Appellant.

Newby & Newby and Nathan Newby, Jr., for Appellant.

Andreani & Haines and John L. Bisher, Jr., for Respondent.

PRESTON (H. L.), J., *pro tem.*—This is an appeal by the defendant, Victoria R. Greenwood, from an order denying her motion to set aside a final decree of divorce entered in her favor.

The record reveals the following facts: S. J. Greenwood, the respondent, and Victoria R. Greenwood, the appellant, were formerly husband and wife. On July 29, 1922, they settled their property rights and separated. On March 4, 1924, the respondent filed a complaint in divorce in the Superior Court of the County of Los Angeles, against appellant, charging her with desertion, and further alleging that there was no community property. Appellant answered, denying desertion on her part and alleging that there was community property amounting to more than two hundred thousand dollars, and also filed a cross-complaint alleging desertion on the part of respondent. The prayer of the cross-complaint reads: "Wherefore, defendant and cross-complainant prays that she be awarded reasonable attorney's fees, court costs and support *pendente lite,* and that the court, in granting permanent support, shall make disposition

of the community property the same as though the marriage were dissolved.''

Thereafter, and on June 16, 1924, appellant filed a supplemental cross-complaint, charging respondent with adultery, and again alleging there was community property, and concluding with the identical prayer as in the original cross-complaint. In neither the cross-complaint nor the supplemental cross-complaint, as originally filed, did appellant pray for a divorce. The respondent filed answers denying the matters alleged in both cross-complaints, and the case came on regularly for trial on July 1, 1925, upon the issues raised by the foregoing pleadings.

During the progress of the trial, and before the taking of testimony was concluded, the following proceedings occurred in open court and in the presence of appellant and respondent: ''Mr. Greer (Who was the attorney for defendant and cross-complainant in the trial court): We ask leave to amend the prayer of our first cross-complaint in this manner only, that where we pray for separate maintenance we pray for a decree dissolving the bonds of matrimony and an interlocutory decree of divorce. The rest of the prayer with reference to the division of the property we do not care to amend. The Court: That amendment may be made. Mr. Bisher (The attorney for plaintiff and respondent): Yes, I have no objection.''

The trial was then resumed and proceeded to final conclusion upon the pleadings as amended and upon the issues joined therein, without objection from appellant, but no written amendment or interlineation was actually made to the complaint or filed with the clerk.

During the progress of the trial the appellant attempted to show that the property settlement entered into between the parties was unjust and inequitable as to her, but the court made findings, which are supported by ample evidence, contrary to her contention. The court also found that the allegation of adultery was not true and that appellant did not desert respondent, but, on the contrary, found that appellant's allegation of desertion on the part of respondent was true and granted her an interlocutory decree of divorce upon that ground. The findings and decree were signed and entered on October 27, 1925. No appeal was taken, or attempted to be taken, from the interlocutory decree of di-

vorce; neither was any motion made to set aside or modify the same.

On November 1, 1926, on motion of respondent, S. J. Greenwood, the final decree of divorce, following the terms of the interlocutory decree, was entered. Thereafter, and on April 26, 1927, appellant filed a notice of motion to vacate said final decree of divorce upon the following grounds: ''Said motion will be made on the ground that said decree was entered without notice to the defendant and because of excusable neglect of defendant, and the fraud of plaintiff in causing said final decree to be entered before the defendant's case had been fully presented to the judge for decision, and will be made in pursuance of the terms of Section 473 of the Code of Civil Procedure of the State of California, and will be based upon the annexed affidavits and judgment roll, files and records in the above entitled action.''

This motion was made on April 29, 1927, and submitted upon affidavits made in support and in opposition to the motion. The trial court, after fully considering the matter, denied the motion on July 7, 1927, and this appeal is prosecuted from the order denying said motion.

Appellant first contends that the trial court had no power to grant her an interlocutory decree of divorce on her cross-complaint, for the reason that the prayer of the cross-complaint only asked for separate maintenance and a division of the community property, and not for divorce, and that no amendment to the prayer of the cross-complaint was ever made or filed with the clerk of the court.

There is no merit in this contention. It is true that the change in the prayer of the cross-complaint was not actually reduced to writing and filed with the clerk, but it was ordered by the court *at the request of appellant's attorney and stipulated to by respondent's attorney,* and all subsequent testimony and proceedings were taken and had upon the theory that the amendment had been actually made. Under such circumstances, it is now too late for appellant to raise the objection in this court for the first time that the prayer of the cross-complaint was never formally amended as ordered by the court. (*Murphy* v. *Stelling,* 8 Cal. App. 706 [97 Pac. 672] ; *Shaw* v. *Union Escrow etc. Co.,* 53 Cal. App. 71 [200 Pac. 25].) Certainly, appellant cannot be heard to complain that no written amendment was

actually made to the prayer of her cross-complaint in view of the fact that she obtained permission from the court to make the amendment and it was her own neglect that such amendment was not reduced to writing and filed with the clerk.

Furthermore, the case at bar, being a contested case, the court had jurisdiction to grant any particular relief authorized by the facts and alleged and proved or admitted, and was not limited to the relief demanded in the prayer of the cross-complaint. (*Murphy* v. *Stelling, supra; D'Arcy* v. *D'Arcy,* 89 Cal. App. 90 [264 Pac. 497] ; 14 Cal. Jur. 986; *Goetting* v. *Goetting*, 80 Cal. App. 369 [252 Pac. 656] ; *Woods Central Irr. Ditch Co.* v. *Porter S. Ditch Co.,* 173 Cal. 153 [159 Pac. 427] ; *Nathan* v. *Dierssen,* 164 Cal. 611 [130 Pac. 12].) In such cases, the jurisdiction of the court to grant any particular relief does not depend on the prayer of the complaint or cross-complaint, but upon the issues made by the pleadings.

It is well settled that an interlocutory decree of divorce is only subject to attack in the proceedings in which it is entered upon appeal, or by proceedings under section 473 of the Code of Civil Procedure, within six months after the entry of such decree, and that after the expiration of the period within which either of these forms of attack may be made, the trial court is without jurisdiction to alter or set aside its interlocutory decree. (*Gould* v. *Superior Court,* 47 Cal. App. 200 [191 Pac. 56] ; *Suttman* v. *Superior Court,* 174 Cal. 243 [162 Pac. 1032] ; *Bancroft* v. *Bancroft,* 178 Cal. 368 [173 Pac. 582] ; *Abbott* v. *Superior Court,* 69 Cal. App. 660 [232 Pac. 154] ; *Bacigalupi* v. *Bacigalupi,* 72 Cal. App. 658 [238 Pac. 93] ; *Gillespie* v. *Andrews,* 78 Cal. App. 598 [248 Pac. 715] ; *Claudius* v. *Melvin,* 146 Cal. 257 [79 Pac. 897] ; *Reed* v. *Reed,* 9 Cal. App. 748 [100 Pac. 897] ; *Newell* v. *Superior Court,* 27 Cal. App. 343 [149 Pac. 998].)

Therefore, appellant having permitted the interlocutory decree of divorce to become final and one year having elapsed after its entry, the respondent had an absolute right to have the final decree entered and no notice of the entry of the same was required to be given appellant. (Sec. 132, Civ. Code; *Claudius* v. *Melvin, supra; Suttman* v. *Superior Court, supra.*)

Other contentions are made by appellant for a reversal of the order appealed from, but they all relate to matter which occurred prior to the entry of the interlocutory decree of divorce and were, therefore, the subject of review on appeal from the interlocutory decree, had such appeal been taken, and hence cannot be made the subject of review upon an appeal from a final decree of divorce, or an appeal from an order denying a motion to set aside the final decree of divorce, made under section 473 of the Code of Civil Procedure. (*Bancroft* v. *Bancroft*, 178 Cal. 366 [173 Pac. 585]; sec. 956, Code Civ. Proc.; *Suttman* v. *Superior Court, supra; Newell* v. *Superior Court, supra; Reed* v. *Reed, supra; Claudius* v. *Melvin, supra.*)

We have, however, considered all the points discussed upon this appeal, and find that none of them possesses sufficient merit to have warranted a reversal had an appeal been properly taken from the interlocutory decree.

We find no merit whatever in the appeal. The order is therefore affirmed.

Thompson (R. L.), J., and Finch, P. J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 6, 1930.

All the Justices present concurred.