[Civ. No. 9010. First Appellate District, Division Two.—October 11, 1933.]

FRANCIS McDANIEL, Appellant, v. CHARLES A. McDANIEL, Respondent.

Bartlett, Marion & Lillie and Roy A. Linn for Appellant.

Maynard J. Givens for Respondent.

STURTEVANT, J.—The plaintiff commenced an action against the defendant to obtain a decree of divorce on the grounds of cruelty. In her complaint she alleged that there was no community property. The defendant filed an answer denying the allegations of cruelty and denying that there was no community property. He also filed a cross-complaint in which he asked for a divorce on the grounds of desertion and alleged that there was a large amount of community property which he specifically itemized. He further alleged that there was outstanding a document which purported to be a contract settling the property

rights of the parties; however, he alleged that it was invalid because it was obtained by the fraudulent acts of the plaintiff. The plaintiff answered the cross-complaint and all of the issues were tried. The trial court made full and complete findings in which, among other things, it found that the allegations of the complaint were untrue and that the allegations of the cross-complaint were true. From those portions of the interlocutory decree determining the property rights of the parties the plaintiff has appealed.

The controversy arises out of the following facts: The parties were married January 9, 1922. Both of them were industrious and frugal. Although they had very little property when they were married, they both went to work and accumulated very rapidly. On February 7, 1929, the plaintiff wilfully deserted the defendant. She went at once to an attorney and had him prepare the purported contract settling the property rights. That document specifically mentions each of the properties owned by the parties or either of them. The properties enumerated in the defendant's cross-complaint are described in the same specific terms. After the contract had been prepared the plaintiff induced the defendant to go with her to the attorney's office and sign the purported contract, which in brief awarded to the wife all of the property except a coupe automobile, which was awarded to the defendant. Further facts will be set forth as occasion requires.

■ The plaintiff contends that it is not proper practice to insert in an interlocutory decree of divorce passages disposing of the property rights. She cites *Remley* v. *Remley*, 49 Cal. App. 489 [193 Pac. 604]. That case involved the disposition of a homestead. In the case before us no homestead was involved. As to the properties involved it was quite the proper practice for the trial court to proceed and dispose of the issues that were made by the pleadings. (*Newell* v. *Superior Court*, 27 Cal. App. 343 [149 Pac. 998].)

■ It is next contended that the cross-complaint did not state sufficient facts to sustain a rescission of the property settlement hereinabove mentioned. (*County of San Diego* v. *Utt*, 173 Cal. 554 [160 Pac. 657].) That case was an action between parties dealing at arm's length. The instant case is a controversy between two parties standing in a highly fiduciary relation one to the other. In his cross-

complaint the defendant had alleged the material relation existing, the conveyance of the property without any consideration whatsoever, and the express promise of the plaintiff that she was taking the property to hold in trust for the defendant and herself, and that in the near future she would return to the defendant if he executed the contract. The cross-complaint was not insufficient. (Civ. Code, sec. 2228; *Yordi* v. *Yordi,* 6 Cal. App. 20 [91 Pac. 348].) On the trial the defendant introduced an abundance of evidence supporting the allegations mentioned. The trial court did not err in finding that the purported contract was invalid.

The plaintiff contends that the real property was at all times her separate property. There is not a particle of evidence that the real property was owned by the wife before marriage or that it was acquired by gift, bequest, devise or descent. On the other hand, there is hardly any conflict in the evidence to the effect that the lot was purchased after the marriage of the plaintiff and the defendant; that it was paid for by the earnings of the parties; that thereafter a dwelling was built thereon and that the dwelling was paid for out of the earnings of the parties. The mere fact that the title was taken in the name of the wife did not convert it into separate property. (Civ. Code, secs. 162–164.)

The plaintiff contends that the evidence does not sustain the findings. Thereunder she contends that the trial court should not have divided the property as of the date of the separation, but as of the date of the trial. In the instant case the point is entirely without merit. After the plaintiff wilfully separated from the defendant on February 7, 1929, he was not bound to maintain her while she was living separate and apart from him. On the other hand, the trial court was entirely right in disposing of the fund as it existed on the date of the separation. After that date the defendant had not in any way disposed of any of the property. The trial court was entitled to assume that the plaintiff had held it intact and at the time of the trial that she still held it in trust for both parties. All other contentions made under this point are but a different method of stating the points that have been discussed above.

At the time the property settlement was made the attorney retained by the plaintiff prepared a deed which

purported to convey to Mr. Grant, the plaintiff's brother, the interest of the plaintiff and defendant in the real property. At the same time he prepared another deed by the terms of which Mr. Grant at once conveyed the property to the plaintiff. The first deed recited a consideration of ten dollars. She produced in court, but did not introduce in evidence, the deed from Mr. Grant deeding the property back. to her. The evidence was introduced without objection because we may assume both parties believed the pleadings presented the issue. When the findings were prepared the plaintiff interposed certain written objections, but she did not therein state any objection to the finding that there was no consideration supporting either deed. Mr. Grant was not a party to the action and he is not making any complaint. At this time and in this court the plaintiff may not for the first time complain. (24 Cal. Jur. 981.)

We find no reversible error in the record. The judgment is affirmed.

Nourse, P. J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on November 10, 1933, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 1, 1933.