[Civ. No. 7191. Third Dist. Oct. 24, 1945.]

KATHLEEN B. CORY, Appellant, v. MELVIN H. CORY, Respondent.

Clarence E. Rust for Appellant.

Lawrence J. Skirving for Respondent.

ADAMS, P. J.—In this action an interlocutory decree of divorce was made and entered on April 13, 1943, in favor of

Kathleen B. Cory, plaintiff, which decree also awarded the custody of the two small children of the parties to plaintiff. On or about August 5, 1944, on motion of defendant, said interlocutory decree was modified to provide that defendant have the care, custody and control of the boy child during the school months of each year; that plaintiff have the custody and control of the girl child until said child reached the age of six years, but that thereafter defendant was to have her custody and control during the school months.

Plaintiff appealed from said order modifying the interlocutory decree, and this court, on August 18, 1945, reversed said order (*Cory* v. *Cory*, 70 Cal.App.2d 563 [161 P.2d 385]), and its decision has now become final.

While the aforesaid appeal was pending in this court, defendant, on or about February 23, 1945, filed in the trial court an affidavit in which he alleged, among other things, that ''no motion to set aside or annul the said interlocutory decree, nor any suit brought therefor, is pending and undetermined, and that no appeal from the said decree has been taken nor pending.''

Upon this affidavit the trial court, on March 2, 1945, made and entered a final decree of divorce which ''ordered and adjudged that all the terms of said interlocutory judgment as it now exists are incorporated herein by reference the same as if herein set forth in full.'' From said final decree plaintiff has filed this appeal, making two contentions, one, that entry of the final decree while the appeal from the order amending the interlocutory decree was pending was improper and the decree so entered was void and should be set aside; and, two, that this court having reversed the order modifying the interlocutory decree, it should follow that the final decree should likewise be so reversed.

It was stipulated between the parties to this appeal that the records and briefs on the appeal from the order modifying the interlocutory decree might be considered as records and briefs on this appeal. No additional brief has been filed by respondent, but in a letter to this court counsel stated that it was stipulated between counsel that ''any order made in connection with the Interlocutory Decree would apply as well to the Final Decree,'' and that he did not intend to file any other briefs.

Section 132 of the Civil Code provides that a final decree of divorce may be entered on the motion of either party after one year has expired after the entry of the interlocutory de-

cree; but it also provides that "if any appeal is taken from the interlocutory judgment or motion for a new trial made, final judgment shall not be entered until such motion or appeal has been finally disposed of, nor then, if the motion has been granted or judgment reversed."

In *Newell* v. *Superior Court*, 27 Cal.App. 343 [149 P. 998], a writ of mandate was sought by the defendant in a divorce action, to compel the entry of a final decree of divorce while an appeal by defendant· was pending from a portion of the interlocutory decree which required him to make certain payments for the support of plaintiff. The court denied the writ, stating that while there was an interlocutory decree that had become final with respect to plaintiff's right to a divorce, the decree was subject to a pending appeal affecting the provisions made therein for the support of plaintiff; that until the determination of that appeal the trial court was not in a position to know whether it would be required to make some other and different order "affecting a matter closely connected with the granting of the divorce"; that the provision contained in section 132 of the Civil Code postponing the entry of final judgment until after final disposition of any appeal from the interlocutory decree, was adopted in recognition of the fact that in granting a divorce the court has a variety of duties to perform affecting the parties and their future welfare and that of their children, and that it was deemed advisable that in such cases all of those matters, as far as possible, should be finally adjusted in connection with the granting of a divorce.

In *Webster* v. *Webster*, 216 Cal. 485 [14 P.2d 522], an appeal was taken from that portion of an interlocutory decree of divorce which fixed the property rights of the parties. During its pendency the trial court entered a final decree. The Supreme Court cited section 132 of the Civil Code and cited and quoted from *Newell* v. *Superior Court, supra,* and then stated that, therefrom, it necessarily followed that the final decree entered by the court below was premature and improper. It appeared, however, in that case, that a motion to set aside the final decree had been made in the lower court, and that an appeal was pending from its refusal to set it aside. Regarding that appeal the court said that when it came before it for decision, from what had been said the order refusing to vacate the final decree would have to be reversed. It affirmed the portion of the interlocutory decree determining the property rights of the parties and provided that upon

entering its final decree the trial court should dispose of the property according to the determination expressed in the interlocutory decree.

In *Ritter* v. *Ritter,* 103 Cal.App. 583 [284 P. 950], an appeal was taken from an interlocutory decree of divorce, from certain orders thereafter made and from the final judgment. The court said that ''As to the last mentioned, it is evident that the same must be reversed, for the reason that it was made and entered prior to the disposition of the appeal from the interlocutory judgment contrary to the provision of section 132 of the Civil Code.''

Pursuant to the foregoing authorities the final decree of divorce in the instant case is reversed and the trial court is directed to provide for the care and custody of the minor children of the parties in conformity with the decision of this court on the former appeal, in any final decree hereinafter made and entered.

Peek, J., and Thompson, J., concurred.