[Civ. No. 5743.   Fourth Dist.   Oct. 27, 1958.]

MARCIA RACKOV, Respondent, v. HERMAN RACKOV, Appellant.

Harold M. Fagin for Appellant.

Jerome Lyman Richardson and Benjamin W. Henderson for Respondent.

MUSSELL, J.—The complaint in this action for divorce on the ground of extreme cruelty was filed in Riverside County on December 6, 1956, and the affidavit of service of summons shows that personal service thereof was made on the defendant in the county of Los Angeles on December 18, 1956. Defendant failed to appear in said action and his default was entered on January 21, 1957. On January 30, 1957, the cause was heard by the court and an interlocutory judgment entered granting plaintiff a divorce and the property described in the complaint as the family home and rental property belonging to the parties and located at 529 West Arenas Road in Palm Springs was declared to be community property and was awarded and assigned to plaintiff as her sole and separate property. No appeal was taken from this judgment. On March 19, 1957, the defendant filed a motion in said action to set aside the default and default judgment. In his affidavit in support of the motion defendant states that "neither the summons nor the complaint in said action nor any order to show cause, nor any copies thereof, were served personally upon affiant or received by him at any time or in any manner, either through the mail or otherwise; that there has been no order for service of summons by publication upon the said defendant."

On March 26, 1957, defendant filed a motion to quash the service of summons in said action on the same grounds stated in his previous motion to set aside his default. In opposition to these motions plaintiff filed the affidavit of Louis Lane, who signed the affidavit of service endorsed on the summons. In additional affidavits Lane stated that he received the original summons and a copy of the summons and complaint on or about December 15, 1956, with instructions to serve the said papers on the defendant, who could be located as residing at the Alexandria Hotel in Los Angeles; that he checked with

the room clerk at said hotel and was informed that the defendant occupied room 843 at said hotel; that he called this room and a man's voice answered the telephone and stated that his name was Herman Rackov; that the party to whom he talked refused to make an appointment; that on another occasion he called the same room number and talked to the same man's voice but was again unable to make an appointment; that on the evening of December 18, 1956, he again went to the hotel and the same voice answered his telephone call; that he then went to said room 843 in said hotel and rapped on the door ''and when the voice answered, I asked 'Mr. Rackov' to which the voice answered 'Yes.' I stated that I had a message for him, the door opened slightly and I dropped a copy of the summons and complaint issued out of the Superior Court of the State of California in and for the County of Riverside, No. Indio #1217, through the opening of the door and through the room and stated in substance, these are copies of a complaint and summons for you to appear in court, be sure and read them. The door closed and I left. I was not able to see the person who was inside the room, but the voice was that of a man and was the same voice that I had heard in my prior conversations with the person occupying the said room #843.''

The affidavits of one of the attorneys for plaintiff and of the plaintiff, filed in opposition to the motion, indicated that the plaintiff and defendant met in the attorney's office on December 27, 1956, and a lengthy conference was held at which defendant did not claim that he was not served with the summons in said action. Plaintiff, in her affidavit in opposition to the said motions, states that during the first week of December, 1956, she ascertained that the defendant was living at the Alexandria Hotel in Los Angeles; that on December 18, 1956, said defendant ordered his mail forwarded to him at said hotel; that on December 26, at a conference in which the matter of a divorce was discussed, nothing was said by either party relative to the service of summons.

On April 17, 1957, the court denied defendant's motion to quash the service of summons and on May 15, 1957, denied defendant's motion to set aside the default judgment. On May 31, 1957, the defendant filed notice of motion for an order of court setting aside the granting and awarding of the real property owned by the parties to the plaintiff on the ground that the property involved was held by the parties

in joint tenancy and was not community property. On June 11, 1957, the trial court denied this motion to set aside the default judgment. Defendant appeals from the orders of May 15, 1957, and June 11, 1957.

Defendant states in his opening brief that his appeal is prosecuted pursuant to the provisions of sections 963 and 473 of the Code of Civil Procedure. ■ It is a settled principle of law that motions for relief from default under the remedial provisions of section 473 of the Code of Civil Procedure are addressed to the sound discretion of the trial court, and the exercise of that discretion, in the absence of a clear showing of abuse, will not be interfered with by an appellate tribunal. (*Hendrix* v. *Hendrix*, 130 Cal.App.2d 379, 382 [279 P.2d 58] ; *Colvin* v. *Sibley*, 117 Cal.App.2d 144, 146 [255 P.2d 16].)

In *Kapple* v. *Kapple*, 140 Cal.App.2d 787, 788 [295 P.2d 932], on appeal from an order denying a motion to vacate a default and an interlocutory decree, the court said:

"It is of course presumed that the trial court resolved any conflicts in favor of the prevailing party (*Warren* v. *Warren*, 120 Cal.App.2d 396, 400 [261 P.2d 309] ; *Baratti* v. *Baratti*, 109 Cal.App.2d 917, 922 [242 P.2d 22] ), and the order will not be set aside in the face of such conflict and the ruling thereon. (*Warren* v. *Warren, supra*; *Elms* v. *Elms*, 72 Cal. App.2d 508, 513 [164 P.2d 936].)"

In *Smith* v. *Jones*, 174 Cal. 513, 515-516 [163 P. 890], the court, in discussing section 473 of the Code of Civil Procedure in a default case, said:

"That section provides for relief upon motion when the judgment is taken against a party through 'mistake, inadvertence, surprise or excusable neglect.' Not having been served with process, and, hence, having no knowledge that he was required to appear, the failure of respondent to do so cannot be said to arise from any mistake, inadvertence, surprise, or neglect on his part. If respondent, as defendant in the action, had not been served with summons, he had an absolute right on motion, if timely made, to have the judgment set aside independent of section 473, or any other statute, as violative of the fundamental principle that one may not be deprived of his property without due process of law. The only condition to his right to invoke this aid of the court by a motion in the action itself is that his motion be made within a reasonable time."

In *Suttman* v. *Superior Court*, 174 Cal. 243, 244 [162 P. 1032], it is said that:

"In view of our statutory provisions the interlocutory judgment provided for by section 131 of the Civil Code, is, when regularly entered, subject to be modified or vacated only in some way provided by law for the modification or vacating of final judgments. The character of such an interlocutory judgment in this regard is fully shown by what is said in *Claudius* v. *Melvin*, 146 Cal. 257 [79 P. 897]. It is final except against such attack as is expressly authorized by statute. It is subject to be vacated on appeal, or on motion for new trial, or by proceedings under section 473 of the Code of Civil Procedure (*Claudius* v. *Melvin*, 146 Cal. 257 [79 P. 897], or in any other way that may be expressly authorized for the review of final judgments."

In the instant case the question of whether personal service of the summons and complaint was made on the defendant as shown by the return attached to the summons was one of fact for the trial court. The matter was heard on conflicting affidavits and since there is substantial evidence to support the trial court's refusal to set aside the default judgment, no clear abuse of discretion was shown. The trial court impliedly found that the defendant was personally served with process and that finding is supported by the record.

It is alleged in the complaint that "there is community property belonging to the parties hereto consisting of the multiple unit apartments known as 'Sulas Lodge,' located at 529 West Arenas Road, Palm Springs, California, together with the furniture and furnishings therein contained, and one (1) 1954 Skyliner Ford automobile. That the said community property stands in the names of both parties hereto." It therefore follows that by his default the defendant admitted all the allegations of the complaint and is estopped from thereafter challenging them. (*Christiana* v. *Rose*, 100 Cal.App.2d 46, 50 [222 P.2d 891].)

The motion of the defendant made on May 31, 1957, was an attack on the sufficiency of the evidence to support the interlocutory decree and was properly denied.

The orders appealed from are affirmed.

Griffin, P. J., and Shepard, J., concurred.