[Civ. No. 6297. First Appellate District, Division Two.—June 22, 1928.]

MANUEL S. LOPES, Appellant, v. HATTIE BRUNS et al., Respondents.

E. H. Christian and Ernest S. Leslie for Appellant.

Rodolph Hatfield and Silverstein, Collier & Silverstein for Respondents.

NOURSE, J.—Plaintiff sued to quiet title to real property situated in Alameda County. Defendant Bruns filed an answer and cross-complaint charging that defendant Frank Lopes conveyed the property to plaintiff for the purpose of defrauding defendant Bruns who was a creditor of the two defendants, Frank and Marie Lopes. The last-named defendant filed an answer alleging that she was granted an interlocutory decree of divorce from her co-defendant, Frank Lopes, prior to this transfer to plaintiff, and that by the terms of this decree she was awarded an undivided two-thirds interest in the property in suit, and that the husband was awarded an undivided one-third interest therein. Trial was had before the court sitting without a jury and resulted in findings and a decree awarding plaintiff an undivided one-third of the real property in suit, awarding defendant Marie Lopes an undivided two-thirds thereof, and adjudging that the respective interests of both of these parties were subject to a judgment lien of the defendant Bruns

in the sum of $976.15. From this judgment the plaintiff has appealed on a typewritten transcript.

The appellant advances three grounds for a reversal of the judgment which we will consider in order. It is argued that the cross-complaint of respondent Bruns does not plead facts sufficient to constitute a cause of action. It does not appear that the point was raised in the trial court. No demurrer to the cross-complaint was interposed and we are not directed to any portion of the typewritten record showing that any objection to the pleading was made during the course of the trial. If it is true (and nothing is said to the contrary) that the parties went to trial of the issues on the assumption that they were properly raised in the pleadings the objection is of little force where raised for the first time on appeal. (*Etienne* v. *Kendall,* 202 Cal. 251 [259 Pac. 752].)

It is argued that no title vested in respondent Marie Lopes by virtue of the interlocutory decree of divorce. It is of no importance whether title vested or not. The interlocutory decree became a contract between the parties in the divorce action (*London Guarantee & Accident Co., Ltd.,* v. *Industrial Accident Commission,* 181 Cal. 460, 466 [184 Pac. 864]; *Gould* v. *Superior Court,* 47 Cal. App. 197, 200 [191 Pac. 56]). It was the final determination of the rights of the parties as to the property involved subject only to the entry of the final decree of divorce. (*Newell* v. *Superior Court of Los Angeles County,* 27 Cal. App. 343, 344 [149 Pac. 998].) In so far as the decree determined the respective rights of the parties to the community property it was a final judgment subject to attack only by appeal or other method authorized by statute. (*Suttman* v. *Superior Court,* 174 Cal. 243, 244 [162 Pac. 1032].)

As this decree was not attacked but was followed at the end of the year with a final decree of divorce containing the same provisions as to the award of property rights, the interlocutory decree became the final adjudication of these property rights and the interest of the wife would date back to the time of the entry of the interlocutory decree. Thus whether we treat the interlocutory decree as creating the statutory lien of an ordinary judgment, or as a temporary restraining order preventing the husband from alienating the property pending the entry of the final

decree, or as a contract between the parties, the effect is the same as applied to the facts of this case. (*Abbott* v. *Superior Court,* 69 Cal. App. 660, 666, 667 [232 Pac. 154].) The deed of the husband to the appellant was executed just ten days after the entry of the interlocutory decree of divorce and was ineffectual to convey any title to the interest in the property which had been awarded to the wife.

It is argued that the evidence is insufficient to support the finding that the transfer to appellant was made for the purpose of defrauding the respondent Marie Lopes and of placing the property where it would not be subject to execution. As with other points raised the appellant has failed to comply with the terms of section 953c of the Code of Civil Procedure, which require the printing of such portions of the record and evidence as are under attack. We have, however, examined enough of the record to satisfy us that there has been no miscarriage of justice in the judgment rendered. The appellant is a half-brother of the defendant Frank Lopes; the appellant was familiar with the marital troubles of this defendant and his wife, and appeared in court as a witness in the divorce proceedings; the purported consideration for the transfer was the sum of $800, of which sum $400 was in liquidation of an antecedent debt; the value of the property at the time of the trial was $3,500, but, as the appellant testified, the property had depreciated in value since he took the deed; the conveyance was prepared by counsel for the husband in the divorce proceedings. The transaction was conceived in fraud and, when the trial court quieted the title of appellant to the one-third interest owned by the husband, it gave him all that he could ask from a court in equity.

Judgment affirmed.

Koford, P. J., and Sturtevant, J., concurred.