[Civ. No. 7067. Third Dist. Sept. 26, 1944.]

HELEN M. GREEN, Appellant, v. HIRAM L. GREEN, Respondent.

Robert Phillip Sullivan for Appellant.

John J. O'Reilly for Respondent.

THOMPSON, J.—The plaintiff, Helen M. Green, brought suit against her husband for possession of an automobile, together with damages for detention thereof, claiming title and the right to possession of the property under a valid written agreement between the spouses settling their property rights. In a former suit for divorce Helen M. Green was granted an interlocutory decree of divorce on her cross-complaint on the ground of cruelty and she was awarded custody of their minor child with an allowance of $25 per month as maintenance for the child. The interlocutory decree failed to mention the subject of the property rights of the parties. No further order was made in the divorce proceeding. The final decree of divorce has not been rendered. Nearly six months after the entry of the interlocutory decree this suit for possession of the automobile was commenced. Defendant's motion to dismiss this action under section 437c of the Code of Civil Procedure, on the ground that it was without merit, was granted for the determined reason that "said Interlocutory Decree of Divorce and the proceedings had thereunder is a bar to the complaint on file in the above entitled action." From that judgment of dismissal this appeal was perfected.

Mr. and Mrs. Green were married in June, 1937. One child was born as the issue of that marriage. The spouses were possessed of personal property of small value, including one automobile. Dissensions arose between them which led to their separation. August 22, 1941, they signed a written agreement settling their property rights which provides that the wife "is to have the automobile owned by them, being a Pontiac, 1939 model," in full satisfaction of all her claims against their community property. They continued to live separate and apart from each other. The automobile was not delivered to her, but remains in the possession of Mr. Green. August 29, 1941, he commenced suit for divorce against his

wife on the ground of desertion. In his complaint he alleged that:

"Since their separation they have entered into a written agreement and mutually agreed to divide their community property, *and have divided same out of court.*"

Answering that complaint, Mrs. Green denied the material allegations thereof and alleged that her husband had breached the terms of the written agreement settling property rights by retaining possession of and refusing to deliver to her the automobile. She also alleged that he deceived and defrauded her by failing to disclose his possession of other community property, the nature and character of which she had no knowledge. Mrs. Green also filed a cross-complaint for divorce on the ground of extreme cruelty. She asked for custody of their minor child, together with an allowance for its support. She also alleged "that there is community property belonging to the spouses" and prayed for a divorce, custody of the child, an allowance for its support, and "such disposition of the community property herein as may appear just and proper to said Court."

Mr. Green failed to answer the cross-complaint and his default was duly entered. The divorce case was tried on January 11, 1943. Mr. Green did not appear at the trial or contest the divorce suit of his wife. The court specifically found that "all and singular the allegations and matters set forth in the cross-complaint on file herein are true and sustained by the evidence." The court rendered an interlocutory decree on the last mentioned date granting Helen M. Green a divorce on her cross-complaint upon the ground of extreme cruelty and awarding to her the custody of the minor child with an allowance of $25 per month for its support. That decree provides that:

"Plaintiff and cross-defendant take nothing by reason of his complaint herein, and judgment herein is rendered in favor of defendant and cross-complainant *in cognizance with the above order.*"

The amended complaint in this action for possession of the automobile and damages for its detention was filed August 4, 1943. It alleges the proceedings previously mentioned in the former divorce case and the entry of the interlocutory decree, together with the execution of the written agreement settling

property rights as stated in exhibit "A" attached thereto, and a subsequent demand upon Mr. Green and his refusal to deliver to the plaintiff the automobile in question, which was valued at $900, together with damages of $30 per month for its detention. The prayer asks for judgment accordingly. Hiram L. Green answered the complaint in this suit denying the material allegations thereof, except that the making of the written agreement settling property rights was admitted, but he asserts that agreement was abandoned by the terms of a subsequent oral contract made prior to the trial of the divorce case in which he alleges Helen M. Green "did waive any claim or right to the automobile set forth in said property settlement agreement, provided, however, that defendant would make no appearance *or contest* said cross-complaint and thereby allow plaintiff to proceed and secure a divorce without contest; that defendant did not appear or answer said cross-complaint as agreed."

The plaintiff in this case thereupon gave notice and on October 18, 1943, moved to strike out the foregoing quoted portions of the answer, under section 453 of the Code of Civil Procedure on the grounds that they were sham, irrelevant and redundant. The record fails to show that that motion was determined by the court. The affidavit of plaintiff, which was filed in support of her motion to strike out said matter, avers that the parties did make an oral agreement that this plaintiff would waive her right to the automobile upon condition that she might select any other community property which she desired and that, relying on said promise she refrained from asking the court to award to her the automobile in the divorce proceeding but that upon subsequent demand for delivery of other designated community property, Mr. Green repudiated the last-mentioned oral agreement and refused to deliver to her any personal property whatever. The defendant failed to file counteraffidavits on said motion to strike out portions of his answer, thereby admitting those alleged facts.

The defendant, Hiram L. Green, at the same time gave notice and moved the court, under section 437c of the Code of Civil Procedure, to dismiss the complaint in this action on the ground that the suit was without merit and barred, since the title to community property was an issue in the divorce case and the failure to distribute the community property

in the interlocutory decree must be deemed to constitute a determination that there was no community property subject to distribution, and that said interlocutory decree therefore became res judicata and a bar to the maintenance of this action. In support of defendant's said motion to dismiss the complaint, he filed an affidavit in which it is averred only that the written settlement of property rights was abandoned by Helen M. Green by the terms of a subsequent oral contract in which she agreed to "forego all of her right, title and interest in and to the community property, . . . provided, however, that Hiram L. Green would not file an answer or contest her action for divorce" which condition he fulfilled by refraining from contesting her cross-complaint, or appearing at the trial. No other ground for dismissal of the possessory action was averred or proved. Both motions were heard at the same time. The court held that "said Interlocutory Decree of Divorce and the proceedings had thereunder is a bar to the complaint on file in the above entitled action." Judgment was thereupon rendered dismissing this action on the theory that the interlocutory decree is res judicata and a bar to the maintenance of this suit.

We are of the opinion the trial court erred in holding that the interlocutory decree of divorce, which failed to determine the property rights of the spouses or to refer to that subject, is res judicata or a bar to the maintenance of this subsequent action for possession of the automobile pursuant to the terms of the formal valid written agreement settling property rights. This suit was therefore erroneously dismissed.

The pleadings and proceedings of the divorce case, which were received in evidence on this motion to dismiss the possessory action, show without conflict that the written agreement settling property rights and vesting in Mrs. Green title to the automobile in question was duly signed by the parties. That fact is conceded. The automobile is still in the possession of the defendant. It may not be assumed, in support of the judgment dismissing this action, that the interlocutory decree, which utterly fails to mention the written agreement, or the subject of community property and which does not determine that issue, is res judicata or a bar to this suit on respondent's theory that the omission of said decree in that regard must be construed as an implied finding that there is no community

property subject to distribution. The interlocutory decree specifically refutes that theory. The cross-complaint, upon which Mrs. Green was awarded a divorce on the ground of cruelty, alleged that ''There is community property belonging to said spouses.'' The divorce court specifically found that ''All and singular the allegations and matters set forth in the cross-complaint on file herein are true and sustained by the evidence.'' In view of that finding it may not be held there is an inference that there is no community property subject to distribution. For the purpose of this appeal we must assume there is community property subject to distribution, and that the automobile was given to the wife by the terms of the written agreement, unless it was subsequently waived.

■ The only showing on defendant's motion to dismiss this action affecting the alleged abandonment of that written agreement by the appellant is the averment in respondent's affidavit that his wife waived her title to that automobile in consideration of his agreement not to contest her suit for divorce on the ground of cruelty. That alleged consideration for abandoning the written agreement and for waiving her right to the automobile was clearly against public policy and void. In appellant's affidavit in support of her motion to strike from defendant's answer that alleged oral agreement, she refutes his statement in that regard. There is therefore no competent evidence that the written agreement was abrogated or that the appellant waived her right to the automobile.

■ A valid contract settling property rights between married persons does not require the approval of a divorce court to render it effective. It is binding on the parties and enforceable by either of them against the other even though the court fails or refuses to adopt or approve the agreement by its decree in a divorce proceeding. (*Sanborn* v. *Sanborn*, 3 Cal. App.2d 437, 442 [39 P.2d 830]; *Roberts* v. *Roberts*, 83 Cal. App. 345, 351 [256 P. 826]; *Schnerr* v. *Schnerr*, 128 Cal.App. 363, 368 [17 P.2d 749]; Civ. Code, §§ 158, 159; 14 So.Cal.L. Rev. 376.)

■ Assuming, as the respondent alleges in his answer and as it is averred in the affidavit on motion to dismiss this action, that the appellant orally agreed to waive her right to the automobile as consideration of respondent's promise not to contest her suit for divorce, that oral contract was contrary to public policy and void. It is uniformly held that such

an agreement to refrain from contesting a divorce suit is absolutely void. The latest declaration of our Supreme Court in that regard is found in the case of *Hill* v. *Hill*, 23 Cal.2d 82, at page 87 [142 P.2d 417], where it is said:

"Agreements not to defend . . . a divorce action . . . have been held void as parts of collusive arrangements to facilitate divorce."

That concrete statement of the law is supported by numerous cited California cases. It is the uniform rule, founded on public policy and recognized public interest in protecting marital relations and discouraging divorce proceedings. That invalid consideration may not be made the basis of a summary judgment dismissing an action for the possession of community property vested in a spouse by the terms of a valid written agreement settling property rights.

It is true that section 146 of the Civil Code provides that *"In case of the dissolution of the marriage* by decree of a court of competent jurisdiction, the community property, and the homestead, *shall be assigned"* in the manner therein stated. (Italics ours.) But the interlocutory decree does not dissolve the marriage. The marriage is dissolved only upon entry of the final decree. (*Estate of Dargie,* 162 Cal. 51 [121 P. 320] ; 27 Cal.L.Rev. 463.)  When issues are properly tendered in a divorce suit with respect to the assignment to the spouses of their interests in community property, the court may determine such rights by the interlocutory decree, which, in the absence of fraud, *when so determined,* becomes conclusive after the lapse of statutory time for appeal or modification thereof. (*Leupe* v. *Leupe,* 21 Cal.2d 145, 149 [130 P.2d 697].)  When the community interests are not determined in the interlocutory decree the spouses are not precluded from thereafter proving in a separate action the property to which they are entitled by either a deed or contract or otherwise. (*Paduveris* v. *Paris,* 213 Cal. 169, 172 [1 P.2d 986].) In the case last cited the wife brought suit for divorce against her husband, incidentally alleging that designated lots in Oakland were community property and asking that they be assigned to her. The defendant failed to answer the complaint and his default was duly entered. A decree of divorce was rendered in favor of plaintiff, but the issue as to the character of the property in question was not

determined in the divorce case. An interlocutory decree was accordingly entered and the final decree was subsequently rendered. The wife thereafter brought suit to quiet title to the lots. The husband answered that complaint claiming title to the lots as his separate property. Judgment was rendered in favor of the wife. From that judgment the husband appealed. The Supreme Court said:

"The default of the defendant in the divorce action constituted an admission of the truth of plaintiff's allegation that the property was community. (2 Freeman on Judgments, pp. 1392, 1398.) *Had the decree found in accordance with said admission,* the defendant would have been precluded from proving in a subsequent action . . . that the property was his separate property on the date to which the adjudication made in the divorce decree related. [Citing cases.] This result would follow from an application of the general rules governing the conclusiveness of judgments. But an admission made by failure to answer *is not the equivalent of an adjudication. Where the divorce decree fails to determine the property rights of the parties the husband is not precluded from thereafter showing that the wife had relinquished her community interest pending the divorce action.*" (Italics added.)

The foregoing case appears to be decisive of the issue of the effect of the interlocutory decree in the present case with relation to Helen M. Green's right to maintain this action for title to the automobile under the written agreement settling property rights. The Paduveris case, *supra,* holds that notwithstanding the fact that the issue of the character of property and the title therefor which were tendered in the divorce case, and regardless of the default of the defendant, when neither the interlocutory nor final decree determines that issue, a spouse may maintain a subsequent action to decide those questions. In other words, the case last cited holds that neither the interlocutory nor the final decree of divorce becomes res judicata or a bar to a subsequent action to recover property when the right and title thereto have not been determined by those decrees.

That principle is stated in *Callnon* v. *Callnon*, 7 Cal.App. 2d 676 [46 P.2d 988], as follows:

"In an action for divorce the parties may seek a determination of their property rights; but, if they elect not to do so, such rights are not deemed adjudicated and are subject to

determination in another proceeding. (*Brown* v. *Brown, supra* [170 Cal. 1 (147 P. 1168)] ; *De Godey* v. *Godey,* 39 Cal. 157, 163; *Metropolitan Life Ins. Co.* v. *Welch,* 202 Cal. 312, 315 [260 P. 545] ; *Tarien* v. *Katz,* 216 Cal. 554, 558 [15 P.2d 493, 85 A.L.R. 334] ; *Taylor* v. *Taylor,* 192 Cal. 71, 75 [218 P. 756, 51 A.L.R. 1074].)''

To the same effect are the cases of *Robertson* v. *Robertson,* 34 Cal.App.2d 113 [93 P.2d 175], and *Babcock* v. *Babcock,* 63 Cal.App.2d 94 [146 P.2d 279]. In the case last cited it is said, quoting with approval in part from section 68 of Restatement of the Law of Judgments, as follows:

''Where the subsequent action is based upon a different cause of action from that upon which the prior action was based, the effect of the judgment is more limited. The judgment is conclusive between the parties in such a case *as to questions actually litigated and determined by the judgment. It is not conclusive as to questions which might have been but were not litigated in the original action.* This is the doctrine of collateral estoppel.' . . .

''The litigation of community property rights is not essential to a divorce action, and if they are not covered by it an adjudication may be had in an independent action. (*Callnon* v. *Callnon* (1935), 7 Cal.App.2d 676, 680 [46 P.2d 988].)'' (Italics added.)

In the case of *Tabler* v. *Peverill,* 4 Cal.App. 671 [88 P. 994], which was a suit to quiet title to real property, the decree and records of a divorce proceeding previously determined between Mr. and Mrs. Peverill, were received in evidence. Mrs. Peverill brought the divorce suit without mentioning in her complaint the real property in question. The defendant filed a cross-complaint, designating that land as community property. She answered the cross-complaint, claiming the land as her separate property. Plaintiff was granted a divorce but the real property was not assigned to either party or mentioned in the decree. The reviewing court says in that regard: ''No disposition was made [of the real estate] in the decree.'' The court held that, in the absence of a disposition of the real property by the decree of divorce, notwithstanding the fact that it was made an issue by the pleadings, ''she became a tenant in common with him and that relation continued to the day of his death.'' In that suit

to quiet title it was claimed "the property rights of the parties to the divorce action were fully and finally determined," by the decree of divorce. In effect it was contended that divorce decree became res judicata and a bar to the suit to quiet title to the real property, although it was not mentioned in the decree. The appellate court determined otherwise and answered that contention by saying:

"It seems clear to us that the decree left the real estate undisposed of. In the present action we are not seeking to set aside or disturb the decree, but only to give it effect so far as we may do so. If it be true, as we think it is, that the real property remained undisposed of by that decree, the parties remained tenants in common of the real property as was pointed out."

Upon that theory it was held, in the suit to quiet title, that the decree of divorce was not conclusive of the title to the real property although its character and title were tendered as issues by the pleadings.

In reviewing the last mentioned case, in its application to the question of res judicata, it is said in 1 Southern California Law Review at page 166:

"There can be no doubt that, as to the specific property *put before the court* for its decision, the court's judgment is res judicata. (Citing *Allen* v. *Allen,* 159 Cal. 197 [113 P. 160].) On the other hand, where the question has been placed before the court by the pleadings and a division of the property has been asked for *but the judgment has been silent as to the status of property rights put in issue by the pleadings,* the decree merely awarding a divorce, *it has been held that the decree is not res judicata as to the property rights of the parties."* (Italics added.)

We conclude that since the determination of property rights is not essential to the granting of a divorce, when the issue of property rights is not urged or proof thereof offered at the trial, even though the pleadings may contain allegations in that regard, and the decree fails to mention that subject, the decree is not res judicata or a bar to a subsequent suit involving that issue, at least when it appears the prevailing party was persuaded by fraud or deceit of her adversary, to abandon that issue at the trial.

In the present case the appellant alleged that the reason

she did not urge the trial court to determine her right to the automobile under the written property settlement agreement was that Mr. Green orally promised to permit her to select any other community property which she desired in lieu of that automobile, and that he repudiated that agreement and refused to permit her to do so after the interlocutory decree had been rendered. If that be true, his fraud prevented her from offering evidence of the validity of the written agreement and of her right to an assignment of the machine in the divorce proceeding.

It is true that an interlocutory decree in a divorce case is conclusive and res judicata with respect to all proper or necessary issues determined thereby. When so determined the interlocutory decree has been said to be in the nature of a contract between the parties, and upon the entry of the final decree the rights of the parties to community property becomes final and conclusive, subject only to attack on appeal or other statutory remedy. (*Lopes* v. *Bruns,* 92 Cal.App. 691 [268 P. 928].)

In the case of *Allen* v. *Allen,* 159 Cal. 197 [113 P. 160], relied upon by the respondent in this case, the divorce court actually found and determined by its decree that the husband by a good and sufficient deed conveyed the land in question to his wife and that she ''was the owner of it in fee simple and entitled to possession.'' Of course that was a determination of the title to that land in the divorce decree which rendered it res judicata in a subsequent action in which it was sought to retry that very issue. That case is not in point.

The same principle was determined in the case of *John* v. *Superior Court,* 5 Cal.App. 262 [90 P. 53], upon which the respondent in this case also relies. The court said in that regard:

''The default of the defendant was duly entered, followed on January 31, 1905, by an interlocutory judgment, whereby it was adjudged that plaintiff was entitled to a divorce, and that the homestead set out in the complaint was the separate property of the plaintiff and should be set aside and awarded to him. . . .

''There had been a decision of all the issues of fact at the time of entering the interlocutory judgment.''

Likewise in the case of *Pereira* v. *Pereira,* 156 Cal. 1 [103

62

P. 488, 134 Am.St.Rep. 107, 23 L.R.A.N.S. 880], the Supreme Court approved the findings and decision of a divorce court assigning to the plaintiff a designated portion of the community property to become effective "when the divorce became final." On appeal from that interlocutory decree the Supreme Court said:

"In the present case the court determined all the issues in one trial and rendered an interlocutory judgment *declaring the rights of the parties upon all the issues,* and providing that the same should in all respects become final only at the time when the decree of divorce became final." (Italics added.)

The question of res judicata was not involved in that case. The Supreme Court did hold that the trial judge was authorized to determine in the interlocutory decree that the assignment of community property would not become effective until the final decree was rendered. That question is not involved in this case. Incidentally, the refusal of the trial court in that case to consider a purported property settlement agreement between the spouses, by the terms of which the wife waived her claims to certain properties, was approved on the ground that it was contrary to public policy and therefore void.

■ In this case the trial court disregarded the illegality of respondent's alleged oral agreement in which he asserted his wife waived her right to the automobile on condition that he would not contest her suit for divorce. He failed to contest that suit. That was an invalid consideration and may not become the basis for a waiver of property rights. The court therefore erroneously granted respondent's motion to dismiss this action. It is not barred by the decision of the interlocutory decree.

For the foregoing reasons the judgment is reversed.

Adams, P. J., and Peek, J., concurred.