[Civ. No. 15552.   Second Dist., Div. One.   Mar. 20, 1947.]

EULDENE FRANCES HUGHES, Respondent, v. BANK OF AMERICA NATIONAL TRUST & SAVINGS ASSOCI-ATION, as Executor, etc. et al., Defendants; CALIFOR-NIA TRUST COMPANY, as Special Administrator, etc., Appellant.

M. Lewis Lehman for Appellant.

Lee Combs, Wallace B. Scales and Robert W. McIntyre for Respondent.

YORK, P. J.—On March 30, 1945, plaintiff Euldene Frances Hughes brought the instant action for declaratory relief against Aloysius Peter Hughes and the Bank of America National Trust & Savings Association, as executor of the estate of Arthur Johnson, deceased.   During the pendency of the

action and prior to the completion of the trial, to wit: on September 29, 1945, Aloysius Peter Hughes died, and the Bank of America National Trust & Savings Association was appointed special administrator of his estate. Thereafter, said banking association resigned and the California Trust Company was substituted in its stead as special administrator with general powers of the estate of A. P. Hughes, deceased, and is now duly acting in such capacity.

An examination of the record herein discloses that during his lifetime Aloysius Peter Hughes executed and delivered to Arthur Johnson, as beneficiary named therein, three promissory notes, to wit:

(1) A note for $6,000, dated July 18, 1941, secured by a trust deed covering Lots 11 and 14 of Tract No. 11542;

(2) A note for $6,000, dated November 13, 1941, secured by a trust deed covering Lot 240 of Tract No. 6440 and Lot 635 of Tract No. 6084;

(3) A note for $4,000, dated January 19, 1942, secured by a trust deed covering Lot 636 of Tract No. 6084.

The note dated July 18, 1941, introduced in evidence as defendant bank's exhibit C, indicates by endorsements on the back that a payment of $3,000 was made thereon on January 5, 1942, and another payment of $200 was made on July 7, 1944, although a full reconveyance of the trust deed securing said note was recorded on December 6, 1943.

The note dated November 13, 1941, which was introduced in evidence as plaintiff's exhibit 2, bears endorsement of the payment of $3,000 thereon under date of December 21, 1942, and a partial reconveyance releasing Lot 240 of Tract No. 6440 from the lien of the trust deed of November 13, 1941, was duly recorded on December 19, 1942.

Admittedly, no payments have been made on the third note.

On December 27, 1944, in a divorce action instituted by plaintiff against Aloysius Peter Hughes, an interlocutory decree was entered, under the terms of which plaintiff was adjudged to be the owner of Lots 635 and 636 of Tract No. 6084, as her separate property, subject to encumbrances of record.

In her amended complaint to conform to proof, filed in the instant action, plaintiff alleged that defendant Aloysius Peter Hughes claimed that the $3,000 paid by him to Arthur Johnson on December 21, 1942, was on account of the note dated July 18, 1941, wherefore she prayed for a judicial declaration as to the amounts remaining unpaid on the indebtedness represented by the three notes, above referred to, and also an

adjudication as to the validity of the endorsement of the $3,000 payment made by the agent of Arthur Johnson on the back of the note dated November 13, 1941.

In his answer, defendant Hughes admitted the payment of $3,000 to Arthur Johnson on December 21, 1942, but he alleged that such payment was to be accredited to the note dated July 18, 1941, and that through error of the agent of Arthur Johnson, it was credited against the wrong note, to wit: the note of November 13, 1941.

Defendant Hughes also alleged as an affirmative defense to the instant action, that the trial judge in the divorce action by a *nunc pro tunc* order dated March 29, 1945, amended the interlocutory decree of divorce "so that the judgment rendered therein now reads: 'It is further Ordered, Adjudged and Decreed that plaintiff Euldene Frances Hughes have, receive and recover as her sole and separate property and as her share of the community property, subject to encumbrances of record . . .

" '4. Lots 635 and 636, Tract 6084. . . . The foregoing Lots 635 and 636 . . . shall be subject to the encumbrances of record totalling Ten Thousand Dollars ($10,000.00) (Less the sum of $200.00 paid heretofore by the parties hereto).'
. . . that the judgment rendered as aforesaid still stands in full force and is Res Judicata of the issues herein contained and the plaintiff is thereby barred from prosecuting and maintaining this action."

Thus, the controversy between plaintiff and the special administrator of the estate of Hughes, deceased, concerns the amount of the existing encumbrance against said Lots 635 and 636 of Tract No. 6084, awarded to plaintiff in the divorce action, it being contended by plaintiff that the amount thereof is $7,000; while defendant Hughes, in his lifetime, and the California Trust Company, as special administrator of his estate, contend that such encumbrance is $9,800.

It was stipulated at the trial "that the amount of recovery on all the notes referred to shall be the sum of $11,450," to wit: $9,800 principal and $1,650 interest. The trial court found in accordance with said stipulation that $11,450 was the total amount due to the estate of Johnson; that the payment of $3,000 made on December 21, 1942, was on account of the indebtedness represented by the $6,000 note dated November 13, 1941; and therefore that the sum of $7,420 is owing to the estate of Johnson by plaintiff and the sum of $4,030 is due to said estate by the estate of Hughes.

It was also found "that on the 22nd day of December, 1944, in an action then pending in the County of Los Angeles, No. D-250039, between Euldene Frances Hughes, plaintiff, and Aloysius Peter Hughes, defendant, the Honorable Harold B. Jeffery, Judge presiding in said cause, did make and sign a judgment therein and that the same was duly entered December 27, 1945, and that on March 28, 1945 said Honorable Harold B. Jeffery did sign and file in said action a nunc pro tunc order purporting to amend said judgment; that it is not true that said judgment and amendment nunc pro tunc thereof determined or fixed the amount of indebtedness due by Euldene Frances Hughes to Arthur Johnson or the Estate of Arthur Johnson, (Arthur Johnson or the Estate of Arthur Johnson not being a party to said action) under and by virtue of the notes and trust deeds covering lots 635 and 636, Tract No. 6084; that it is true that said nunc pro tunc order attempted to alter and modify the judgment in case D-250039, in a material and substantial way and in so far as it affected the amount of the indebtedness due by Euldene Frances Hughes to Arthur Johnson or the Estate of Arthur Johnson, was void and of no effect; that it is not true, as alleged in Paragraph II of defendant Aloysius Peter Hughes' second affirmative defense to his answer herein, that said judgment or the nunc pro tunc order purporting to amend the same were or are res judicata, or any adjudication of the issues contained in this instant case; that it is not true that plaintiff Euldene Frances Hughes is barred by the judgment in case D-250039 from prosecuting and maintaining the instant action. . . ."

From the judgment which was accordingly entered, California Trust Company, as special administrator of the estate of Aloysius Peter Hughes, deceased, has perfected this appeal.

Appellant excepts to certain of the findings of fact, contending that they are not supported by the evidence:

(1) Finding VII to the effect that on or about December 21, 1942, plaintiff and defendant Hughes paid $3,000 on account of the indebtedness represented by the $6,000 note dated November 13, 1941, secured by trust deed covering Lot 240 of Tract 6440 and Lot 635 of Tract 6084, and in consideration thereof secured partial reconveyance of trust deed releasing Lot 240, leaving a balance of $3,000 on account of principal as of December 21, 1942.

(2) Finding XII, to the effect that estate of Hughes is indebted to the executor of the estate of Johnson, on account

of principal and interest on the note dated July 18, 1941 "in the principal sum of Twenty-eight Hundred ($2800.00) Dollars, and interest on that note and other notes as settled by the compromise stipulation hereinafter referred to, in the sum of Twelve Hundred Thirty ($1230.00) Dollars, making a total amount due to the said Executor of the Estate of Arthur Johnson, deceased, in the sum of Four Thousand Thirty ($4,030.00) Dollars.''

It is also contended by appellant that Finding XXI, to the effect that the *nunc pro tunc* order, hereinabove referred to, was void and of no effect, was not res judicata or any adjudication of the issues herein,—is not only unsupported by any evidence, but is irreconcilable with any rule of law.

It is here asserted by appellant that the ''judgment and amendment thereof *nunc pro tunc* in divorce action D250039 is binding on Euldene F. Hughes and A. P. Hughes and is *res judicata* as to the amount of the encumbrance, viz., $9,800.00 on Lots 635 and 636 awarded to Euldene F. Hughes.'' In support of this position, appellant cites the case of *Krzepicki* v. *Krzepicki,* 167 Cal. 449, 453 [140 P. 13], which holds that: ''It is a fundamental rule of judicial procedure that a cause of action between parties can be litigated to judgment but once, and when a subsequent suit is brought for identically or substantially the same cause of action that was set up and litigated in the former suit, such former judgment is a bar. Whether such prior judgment constitutes a bar to a subsequent suit or not, does not depend on the difference in relief sought in the two actions, but upon the question whether the same matter put in issue in the second suit between the same parties was actually in issue in the first and adjudicated. If the issue is the same the former judgment is conclusive upon it in any subsequent action between the parties and bars the right to seek a different remedy based on the same facts or cause of action.''

See, also, *Seidell* v. *Anglo-California Trust Co.,* 55 Cal.App. 2d 913, 918 [132 P.2d 12], where it is said: ''The doctrine of res judicata is that an existing final judgment on the merits of a cause rendered by a court of competent jurisdiction is conclusive of the rights of the parties thereto and of their privies on all material issues which were tried and determined and upon all issues which might have been properly tendered therein, in all subsequent actions or suits in any tribunal of concurrent jurisdiction involving the same points either directly or incidentally.''

Defendant A. P. Hughes' exhibits 24 and 29 in the divorce action were introduced in evidence herein as exhibits F and G, respectively, to wit: (1) A statement of the financial condition of A. P. Hughes, made by certified public accountants showing that the encumbrance against said lots as $10,000; (2) a balance sheet from the books of A. P. Hughes showing such encumbrance as $9,800.

The records in the divorce action reveal that, pursuant to section 473 of the Code of Civil Procedure, defendant A. P. Hughes moved the court to amend the findings of fact, conclusions of law and the judgment in said divorce action on the ground that they were "not in accordance with the evidence introduced at the trial." This motion was supported by the affidavit of A. P. Hughes setting out the facts. Plaintiff therein, Euldene Frances Hughes, filed an affidavit in opposition to the motion, which was heard on March 16, 1945. On March 29, 1945, the court granted the motion and amended the interlocutory judgment of divorce by an order *nunc pro tunc* showing the encumbrance against said Lots 635 and 636 to be $9,800. On April 5, 1945, Euldene F. Hughes appealed from such order and on June 7, 1945, she filed her notice of abandonment and dismissal of such appeal "as to defendant Aloysius Peter Hughes alone."

It is well established that an interlocutory decree of divorce becomes a conclusive adjudication of the property rights of the parties upon expiration of the time for an appeal and for relief pursuant to section 473, Code of Civil Procedure (5 Cal.Jur. 10-Yr.Supp. (1944 Rev.) p. 318, citing *Leupe* v. *Leupe,* 21 Cal.2d 145 [130 P.2d 697]). Moreover, an "interlocutory decree in a divorce case is conclusive and res judicata with respect to all proper or necessary issues determined thereby." (*Green* v. *Green,* 66 Cal.App.2d 50, 61 [151 P.2d 679].) "A decree of divorce is conclusive as to the title and property rights of the parties to the extent that these matters are placed in issue and adjudicated, but no further." (15 Cal.Jur. 162, § 205, n. 12, and authorities there cited.)

The defense of res judicata was raised herein by defendant A. P. Hughes, since deceased, respondent's adversary in the divorce action.

"In determining the validity of a plea of res judicata three questions are pertinent: Was the issue decided in the prior adjudication identical with the one presented in the action in question? Was there a final judgment on the merits? Was the party against whom the plea is asserted a party or in priv-

ity with a party to the prior adjudication?'' (*Bernhard* v. *Bank of America,* 19 Cal.2d 807, 813 [122 P.2d 892].) As applied to the facts in the instant case, these questions must be answered in the affirmative. ■ Upon a motion duly made for that purpose and in accordance with the evidence presented in the divorce action, the trial court settled the amount of the encumbrance existing against the two lots awarded to respondent in that proceeding. Respondent instituted the instant action against A. P. Hughes praying for a judicial declaration as to the amounts remaining unpaid on the notes secured by trust deeds covering the two lots in question. Without question she is bound by the judgment in the divorce action, as amended.

With respect to respondent's claim that since neither the creditor nor the executor of his estate was made a party to the divorce action, the judgment therein is not binding upon either, it should be pointed out that the executor of the estate of Arthur Johnson is just an innocent bystander. Such executor is interested in recovering the amount due on the indebtedness represented by the notes in favor of Arthur Johnson; whether this is paid by respondent or appellant is quite immaterial. It was decided by the trial court in the divorce action that said indebtedness was an incumbrance against the property of respondent and that adjudication is binding upon her and also upon appellant, as special administrator of the estate of A. P. Hughes, deceased.

For the reasons stated, the judgment is reversed with directions to the trial court to enter judgment in accordance with the views herein expressed.

White, J., and Doran, J., concurred.

A petition for a rehearing was denied April 7, 1947, and respondent's petition for a hearing by the Supreme Court was denied May 15, 1947.